## A97A1701. HENRY v. THE STATE.
(494 SE2d 175)

JOHNSON, Judge.

A jury found Witfield Matthew Henry guilty of trafficking in cocaine. He appeals from the judgment entered on the jury's verdict, asserting the trial court erred in denying his motions for directed verdict and new trial because the evidence was insufficient to support a conviction.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citations and punctuation omitted.) *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996). At trial, a Gwinnett County investigator testified that with the help of a female confidential informant he arranged to purchase a half-kilogram of cocaine for $13,000. He and the informant traveled to the parking lot of a restaurant off Jimmy Carter Boulevard where they waited for approximately 20 minutes until they saw Clifton Davis walking toward the car. The informant got out of the car, hugged Davis and spoke with him for a few minutes until bringing him over to introduce him. Davis wanted to count the "paper" (money) and take it to another location where "the man" had "the thing" (cocaine). This plan was unacceptable to the investigator, who testified that he wanted the informant and Davis to go see the cocaine and, after the informant verified that it was good, come back and exchange the

money for the drugs. Davis called someone on a cellular telephone and explained the arrangements, after which he and the informant walked off. About five minutes later, a white car drove into the parking lot and parked next to the investigator's car. Davis, the informant, and Henry were in the car. As soon as the informant got out of the white car, the investigator signaled to the arrest team. The investigator walked over to the car and saw a bag containing cocaine on the floorboard of the car next to Henry's feet.

Henry testified on his own behalf. He stated that Davis had come to his home and suggested they take a ride to Jimmy Carter Boulevard. He did not know why they were going there. They parked in a restaurant parking lot, and Davis got out of the car and left him sitting in the car. Davis returned with a woman, and they went to the trunk of the car. Davis had a bag in his hand and told Henry to drive across the street. They did not speak in the car. Henry further testified that he did not think that any of these activities were suspicious and has no idea how the bag containing cocaine got on the floorboard near his feet.

Although Henry's account differs from that of the investigator, "[o]n appeal, the presumption of innocence no longer prevails, we view the evidence in the light most favorable to the verdict and we do not speculate which evidence the jury chose to believe or disbelieve. [Cit.]" *Toney v. State*, 225 Ga. App. 228 (483 SE2d 627) (1997). We do not agree with Henry's argument that the failure of the state to introduce cellular phone billing records to prove that Davis called Henry to arrange the transaction was fatal to its case. The evidence presented at trial was sufficient to enable a rational trier of fact to find Henry guilty of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Lowe v. State*, 223 Ga. App. 172 (477 SE2d 341) (1996); *Cody v. State*, 222 Ga. App. 468, 469-470 (1) (474 SE2d 669) (1996).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 29, 1997 — 

*Hester & Hester, Frank B. Hester,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.