A10A0015. BARR v. THE STATE.
(690 SE2d 693)

BLACKBURN, Presiding Judge.

Following a bench trial, Breon Barr appeals his conviction for trafficking in cocaine.[1] He challenges the sufficiency of the evidence and further contends that he neither knowingly waived his right to a jury trial nor received effective assistance of counsel. We hold that the evidence sufficed to sustain the finding of guilt and that evidence further supported the trial court's findings that Barr knowingly waived his right to a jury trial and received effective assistance of counsel. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged

---

[1] OCGA § 16-13-31 (a) (1).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

offense beyond a reasonable doubt. *Jackson v. Virginia.*[3]

So viewed, the evidence shows that on February 29, 2008, an undercover officer phoned a known drug dealer to arrange a purchase of two ounces of cocaine for $1,500 in the parking lot of a Home Depot. With other police hidden nearby, the undercover officer drove to the Home Depot and parked near the drug dealer's car. Barr exited the drug dealer's car and entered into the passenger seat of the officer's car, asking the officer if he had the money. Responding that he did, the officer asked Barr if he had the drugs, and Barr responded in the affirmative. At the officer's request, Barr showed the officer the cocaine and then insisted that the officer show him the money so that he could count it. Signaling his fellow officers to arrest the suspects, the officer then feigned looking for the money, prompting Barr to encourage the officer "to hurry up [because] this is illegal." The officers arrested the drug dealer and Barr, confiscating the cocaine on Barr's person; the cocaine was 61 percent pure and weighed 32 grams.

Indicted for trafficking in cocaine, Barr waived his right to a jury trial and testified at his bench trial that he was simply delivering the cocaine to the undercover officer on behalf of the drug dealer so that he could receive some cocaine from the dealer in exchange. He conceded that he knew the substance was cocaine, as he had personally tested it for the dealer to ensure its quality. The judge found him guilty and, in light of Barr's five prior felonies, sentenced him to 30 years to serve 15.

OCGA § 16-13-31 (a) (1) provides that "[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ." Regarding the sufficiency of the evidence, Barr's only argument is that no evidence showed he knew the weight and purity of the cocaine. Interpreting the cocaine trafficking statute, our Court in *Cleveland v. State*[4] rejected this argument as to the weight of the cocaine, stating:

> Under the cocaine trafficking statute, the State must show as an element the minimum amount of 28 grams, after which the quantity possessed bears only on punishment. The amount of 28 grams was designated by the legislature as the basis for distinguishing the crime of trafficking from the somewhat less serious crimes. The trafficking statute explicitly requires as the mens rea that defendant know he

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Cleveland v. State*, 218 Ga. App. 661, 662-663 (1) (463 SE2d 36) (1995).

YALE LAW LIBRARY

*or she possesses the substance and know it is cocaine. The statute is not, however, reasonably subject to the construction urged, that defendant must know or should know the substance possessed weighs at least 28 grams.*

(Citations omitted; emphasis supplied.) Similarly, knowledge of the precise purity of the cocaine is not necessary for a conviction either. Thus, the evidence sustained the finding of guilt on the charge of trafficking in cocaine and authorized the court's sentencing Barr under this statute.

2. Barr contends that the State failed to meet its burden of demonstrating that he knowingly, intelligently, and voluntarily waived his right to a jury trial.

A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. This [C]ourt will affirm a trial court's decision that a defendant has validly waived his or her right to a jury trial unless that decision is clearly erroneous.

When a defendant challenges the defendant's purported waiver of the right to a jury trial, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. Such extrinsic evidence may include testimony by defense counsel in the motion for new trial hearing about his specific recollections, routine, or standard practices; an affidavit from trial counsel about his specific recollections; and evidence regarding the defendant's intelligence and cognitive ability.

(Punctuation omitted.) *Jacobs v. State.*[5]

Here, after Barr's counsel indicated Barr wanted a bench trial, the trial judge explained to Barr on the record that this meant Barr was waiving his right to have a jury try the facts and was instead agreeing that the judge would try the facts. Barr agreed that such was his understanding. The judge repeated that this meant he as the judge, and not a jury, would determine whether the evidence showed that Barr was guilty beyond a reasonable doubt, and Barr indicated

---

[5] *Jacobs v. State*, 299 Ga. App. 368, 370 (1) (683 SE2d 64) (2009).

he understood such. The judge asked Barr if that was what Barr wanted, whereupon Barr stated he was confused.

At this point, the judge patiently re-explained to Barr that he had a constitutional right to have a jury of 12 listen to the evidence and to make the determination as to his guilt or innocence, and that the judge would be happy to bring jurors down for this purpose, but that Barr's counsel had indicated that Barr wished to have the judge make that determination. The judge asked Barr what he wanted. Barr responded that he wanted the judge to hear the case.

Additionally, at the motion-for-new-trial hearing, Barr's counsel testified that prior to the trial, he had fully informed Barr as to his constitutional right to a jury trial, and that he had advised Barr to waive that right because Barr's counsel believed that a judge would be more likely than a jury to find him guilty of a lesser charge. This evidence supported the trial court's factual determination that Barr voluntarily, knowingly, and intelligently waived his right to a jury trial. We discern no error.

3. Barr's final enumeration of error is that he received ineffective assistance of counsel. To prove his claim of ineffective assistance, Barr was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Barr] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Barr] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[6]

(a) *Advising Barr to waive a jury trial*. Barr first claims that his counsel acted ineffectively by advising him to waive his right to a jury trial. His counsel testified that he so advised Barr based on counsel's belief that a judge would be more likely than a jury to convict him of a lesser charge of possession or of possession with intent to distribute. "As a general rule, trial counsel's decision to recommend a bench trial is a strategic and tactical decision that does not amount to ineffective assistance unless objectively unreasonable." (Punctuation omitted.) *Smith v. State*.[7] Discerning nothing objectively unreasonable about this advice, we hold that there was no

---

[6] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).
[7] *Smith v. State*, 291 Ga. App. 725, 727 (2) (662 SE2d 817) (2008).

YALE LAW LIBRARY

clear error in the trial court's factual determination that this advice fell within the broad range of reasonable professional conduct.

(b) *Not asking for a conviction on a lesser charge.* Barr then claims that his counsel erred in failing to ask the court for a conviction on a lesser included offense. The record belies this assertion. The entire strategy during counsel's cross-examination of the State's witnesses was to show that Barr, whom the undercover officer had never encountered before, was an unwitting participant in the transaction and did not realize he was delivering such a large amount of cocaine to that officer, and that there were large margins of error in the State's weighing of the cocaine. During closing argument, counsel urged that nothing showed Barr intended to traffic in cocaine or that he had been a trafficker in the past. Counsel concluded with the observation that he would urge a jury to find his client guilty only of the lesser charge of possession with intent to distribute. Counsel was clearly urging the trial court to find Barr guilty of a lesser charge. Evidence supported the trial court's finding that counsel acted within the broad range of reasonable professional assistance.

Moreover, Barr showed no prejudice from counsel's actions, even if counsel had failed to urge a finding of guilt on a lesser offense. Regardless of counsel's arguments, the judge in a bench trial is required to consider finding the defendant guilty on a lesser included offense if some evidence would support such. See *Joyner v. State*[8] ("in a bench trial, the trial judge sits as the factfinder and must consider a lesser included offense if there is some evidence, no matter how slight, that shows that the defendant committed a lesser offense") (punctuation omitted).

The trial court did not clearly err in finding that Barr had failed to carry his burden of showing ineffective assistance of counsel on this issue.

(c) *Not objecting to the chain of custody.* Barr's final argument is that the State failed to prove a sufficient chain of custody regarding the cocaine tested and weighed by the crime lab, and that therefore his trial counsel erred in failing to object or argue on this ground. However, "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Fults v. State.*[9] Such an objection would have been meritless here.

> Where the testimony shows that the police placed the substance in a tamper-proof identifiable container and that the crime lab technician who tests the substance received it

---

[8] *Joyner v. State*, 267 Ga. App. 309, 311 (2) (599 SE2d 286) (2004).
[9] *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

in the same container with no proof of tampering or substitution, the [S]tate has met its burden of showing with reasonable certainty that the substance tested was the same as that seized.

*Brady v. State.*[10] See *Postell v. State.*[11] Barr's argument that the law required the State to prove the container's storage and transportation is without merit. See *Maldonado v. State.*[12]

Here, there was no evidence of tampering. The lab technician and the officers all testified that no tampering had occurred to the sealed and uniquely-marked tamper-proof package received and tested by the technician. Compare *Phillips v. Williams*[13] (finding attorney's failure to object deficient where there was no evidence that either the officer or the crime lab gave the particular bag and its substance any identifying marks). Accordingly, any objection to the admission of the contraband on chain-of-custody grounds would have been futile. The trial court did not err in finding that Barr had failed to carry his burden of proof on this issue.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

## DECIDED JANUARY 20, 2010.

*Randall K. Strozier III*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Andrew J. Saliba, Assistant District Attorneys*, for appellee.

---

[10] *Brady v. State*, 292 Ga. App. 716, 718 (665 SE2d 412) (2008).

[11] *Postell v. State*, 279 Ga. App. 275, 279 (2) (630 SE2d 867) (2006).

[12] *Maldonado v. State*, 268 Ga. App. 691, 694-695 (1) (603 SE2d 58) (2004).

[13] *Phillips v. Williams*, 276 Ga. 691, 692 (583 SE2d 4) (2003).