## A11A2066. MARTINEZ v. THE STATE.
(724 SE2d 851)

MILLER, Judge.

Following a jury trial, Santiago Ramirez Martinez was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1)). Martinez filed a motion for new trial, which the trial court denied. On appeal, Martinez contends that the evidence is insufficient to support his conviction, and that the trial court erred in denying his motion to exclude his custodial statement to the investigating drug officers. We discern no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant is no longer entitled to a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only the sufficiency of the evidence in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citations and punctuation omitted.) *Martinez v. State*, 303 Ga. App. 71 (1) (692 SE2d 737) (2010).

So viewed, the trial evidence shows that a confidential informant with Immigration Customs Enforcement ("ICE") agreed to assist Chatham Narcotics Team ("CNT") with a drug investigation. During the investigation, the informant successfully completed several drug deals with Martinez's co-defendant, Albertino Garcia-Soto. An additional goal of the investigation was to identify Soto's drug suppliers.

On March 27, 2009, the officers organized a "buy-bust" operation to purchase four ounces of cocaine from Soto for $4,000. During the investigation, the officers had placed a tracking device on Soto's vehicle. On the day of the operation, the officers maintained surveillance on Soto and tracked him as he traveled to South Carolina and returned to his residence in Chatham County. The officers observed Martinez following Soto in a separate vehicle. Later that afternoon, the officers tracked Soto's vehicle to the designated location of the buy-bust operation.

Prior to the operation, the informant and his vehicle were searched to confirm that no contraband was present. The informant and an undercover officer proceeded with the operation, while other officers in unmarked vehicles conducted surveillance nearby. Upon meeting the informant at the designated location, Soto entered the passenger side of the informant's vehicle. After the informant saw the drugs, he gave a takedown signal. The officers then moved in and

arrested Soto. Following the operation, the officers recovered four bags containing suspected cocaine from the back passenger seat of the informant's vehicle, in proximity to where Soto had been seated. Subsequent testing confirmed that the drug substance in the bags was cocaine weighing 110.75 grams and having a purity of 31.8%.

Following his arrest, Soto cooperated with the officers' investigation and agreed to take them to his drug supplier. Soto led the officers to his residence, where the officers found Martinez in a bedroom. Soto told the officers that Martinez was his drug supplier. During a search of Martinez's person, the officers seized $1,750 from Martinez's pants pocket.

A trained drug dog performed a free-air search outside Martinez's vehicle that was parked at the residence. The dog alerted on the driver's side door of Martinez's vehicle, indicating that drugs had previously been inside the vehicle.

Martinez was arrested and transported to the ICE satellite office. Since Martinez spoke only Spanish, an officer who was fluent in both Spanish and English served as an interpreter during Martinez's communications with the officers. The officer read Martinez his *Miranda* rights in Spanish, using a standard written form that set forth the rights. After being advised of his rights, Martinez agreed to a custodial interview. When the officers asked Martinez about the cocaine, he initially denied having had any knowledge of it. Upon further questioning, however, Martinez confessed that he had given the cocaine to Soto, and told the officers that they could take him to jail and deport him.

Martinez and Soto were jointly charged with the cocaine trafficking offense. At Martinez's ensuing jury trial, Soto testified as a defense witness and recanted his prior statement that Martinez had given him the cocaine. Martinez also testified on his own behalf and disclaimed any involvement in the drug offense.

Following the presentation of the evidence, the jury found Martinez guilty of the trafficking in cocaine offense, as charged.

1. Martinez contends that the trial evidence was insufficient to sustain his conviction. We disagree.

OCGA § 16-13-31 (a) (1) provides that "[a]ny person who knowingly . . . delivers . . . or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine[.]" Evidence that a defendant had joint constructive possession of contraband with another will sustain a conviction. See *Martinez*, supra, 303 Ga. App. at 73 (1).

Moreover, one who intentionally aids or abets in the commission of a crime is a party to it. OCGA § 16-2-20 (b)

(3). . . . [A defendant's] presence, companionship, and conduct before and after the offense are circumstances from which [his] participation in the criminal intent may be inferred. A [defendant] will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the [defendant] is prosecuted. If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding.

(Citations and punctuation omitted.) Id. at 73-74 (1).
It is axiomatic that

[a] confession alone, uncorroborated by any other evidence, does not justify a conviction. [See OCGA § 24-3-53.] However, a free and voluntary confession of guilt by the accused is direct evidence of the highest character and is sufficient to authorize a conviction when corroborated by proof of the corpus delicti.

(Punctuation and footnotes omitted.) *Williams v. State*, 270 Ga. App. 424, 425-426 (1) (606 SE2d 871) (2004). The evidence corroborating a confession, however, need not definitely connect the defendant to the crime; corroboration in any material particular satisfies the legal requirement. See *Casanova v. State*, 285 Ga. App. 554, 555 (1) (646 SE2d 754) (2007). Similarly, in felony cases, an accomplice's statement or testimony must be corroborated by slight evidence connecting the defendant to the crime. See OCGA § 24-4-8 ("[I]n . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient [to establish a fact].") (punctuation omitted); *Green v. State*, 298 Ga. App. 17, 21 (1) (679 SE2d 348) (2009). "[T]he corroborating evidence can be circumstantial." (Citation and punctuation omitted.) *Green*, supra, 298 Ga. App. at 21 (1).

Here, the evidence establishing Martinez's guilt of the cocaine trafficking offense included co-defendant Soto's prior statements to the officers, which identified Martinez as being the drug supplier and a party to the crime. Although Soto's subsequent trial testimony recanted his identification of Martinez as being the drug supplier, his prior inconsistent statement to the officers was substantive evidence establishing the fact of Martinez's involvement. See *Green*, supra, 298 Ga. App. at 21 (1) ("[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible

as substantive evidence.") (citation and punctuation omitted). Significantly, Soto's prior statements were corroborated by Martinez's own confession to the officers that he had supplied co-defendant Soto with the drugs. See *Laye v. State*, 312 Ga. App. 862, 867 (1) (720 SE2d 233) (2011) (concluding that the defendant's own statements to the investigating officers corroborated the accomplice's testimony that defendant was a party to the crime). In addition, Martinez's confession and Soto's prior statements were both corroborated by evidence that the officers had observed Martinez following Soto in a separate vehicle during their surveillance on the day of the buy-bust operation; the trained drug dog alerted on the driver's side door of Martinez's vehicle, indicating that drugs had previously been inside of it; and the officers seized a large amount of currency from Martinez's person at the time of his arrest.[1] This combined evidence established that Martinez was an active participant and a party to the cocaine trafficking offense. See OCGA § 16-13-31 (a) (1); *Casanova*, supra, 285 Ga. App. at 555 (1); *Henry v. State*, 227 Ga. App. 733 (494 SE2d 175) (1997); *Holder v. State*, 194 Ga. App. 790, 791-792 (1) (391 SE2d 808) (1990).

2. Martinez also contends that the trial court erred in denying his motion to exclude his custodial statement to the drug officers. Again, we disagree.

"A post-*Miranda* custodial statement is admissible if, under the totality of the circumstances, the defendant's waiver of rights was knowing and voluntary. A trial court's decision to admit such a statement will not be disturbed unless clearly erroneous." (Citations and punctuation omitted.) *Salinas-Gomez v. State*, 287 Ga. App. 384, 386 (1) (651 SE2d 501) (2007).

During the *Jackson-Denno* hearing and at trial,[2] the officers testified that an officer who was fluent in both the Spanish and English languages served as an interpreter for Martinez, who only spoke Spanish, during his communications with the officers. The officer read Martinez his *Miranda* rights in Spanish, using a standard written form maintained at the CNT office. Although the form itself was not signed, the officers identified the standard form as demonstrative evidence of the one used during Martinez's interview. After being advised of his rights, Martinez was asked whether he

---

[1] See *McKenzie v. State*, 283 Ga. App. 555, 559 (642 SE2d 187) (2007) (a defendant's possession of a large amount of cash is circumstantial evidence of a drug trafficking offense); *Brown v. State*, 244 Ga. App. 440, 442-443 (2) (535 SE2d 785) (2000) (among other evidence, a large amount of cash in defendant's pocket supported a finding that he was involved in the drug trade).

[2] "In reviewing the admission of a defendant's statement, we are not limited to evidence presented at the *Jackson-Denno* hearing." (Citation omitted.) *Salinas-Gomez*, supra, 287 Ga. App. at 386 (1), n. 4.

understood the rights that had been read to him, and Martinez responded affirmatively. Martinez then agreed to a custodial interview and confessed that he had given the cocaine to Soto. The officers further testified that they did not threaten Martinez to obtain his confession. The officers also stated that Martinez appeared to be sober and coherent, and understood the officer's translations in Spanish. Based upon this evidence, the trial court was authorized to find that Martinez's custodial statements were knowing and voluntary. See *Salinas-Gomez*, supra, 287 Ga. App. at 386-387 (1); *Duran v. State*, 274 Ga. App. 876, 878-879 (2) (619 SE2d 388) (2005).

Martinez nevertheless challenges the admissibility of his statement since the standard written form used to inform him of his rights was not signed and his interrogation was not recorded. "However, the mere fact that there was no written waiver of *Miranda* rights or other written record of such waiver did not render his statement inadmissible. Likewise, the officer's failure to electronically record [Martinez's] waiver does not render [Martinez's] waiver involuntary." (Citations, punctuation and footnotes omitted.) *State v. Hardy*, 281 Ga. App. 365, 366 (636 SE2d 36) (2006). Martinez also falsely claims that the officer omitted portions of the *Miranda* rights. To the contrary, the evidence revealed that the officer's *Miranda* advisement adequately covered all the necessary points. See *Duran*, supra, 274 Ga. App. at 878 (2). While Martinez also asserts that he did not understand the officer's translations, the trial court was authorized to reject his assertion based upon contrary evidence that he had confirmed his understanding of the rights and had coherently responded to the officer's questions during the interview. See id.; see also *Salinas-Gomez*, supra, 287 Ga. App. at 386-387 (1). The trial court's denial of Martinez's motion to exclude his custodial statement, therefore, was proper. See *Salinas-Gomez*, supra, 287 Ga. App. at 386-387 (1); *Duran*, supra, 274 Ga. App. at 878 (2).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 2, 2012.

*Steven L. Sparger*, for appellant.
*Larry Chisolm, District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.