**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 6, 2012**

# In the Court of Appeals of Georgia

A12A0564. MCGEE v. THE STATE.

BARNES, Presiding Judge.

Sanyo Walter McGee appeals his conviction for trafficking in cocaine and his sentence of life imprisonment. He challenges the sufficiency of the evidence to support his conviction, maintains that the trial court made several errors in its charge and recharge to the jury, and contends that the trial court erred in sentencing him to life in prison as a recidivist. While the evidence was sufficient to support McGee's conviction, the trial court erred in its response to a jury question regarding the knowledge requirement of the trafficking statute. As discussed below, we conclude that the trial court's response may have led the jury to incorrectly substitute criminal negligence for the knowledge requirement in rendering its verdict, and we cannot say

that the erroneous response was harmless. Accordingly, we reverse McGee's conviction and remand the case for a new trial.

1. McGee first argues that the evidence was insufficient to support his conviction for trafficking in cocaine. We disagree.

In reviewing the sufficiency of the evidence to support a conviction, we must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Able v. State*, 312 Ga. App. 252, 252 (1) (718 SE2d 96) (2011).

Viewed in the light most favorable to the prosecution, the evidence showed that on October 30, 2009, an undercover special agent with the Fayette County Tactical Narcotics Team agreed to meet a person named "Mike" and purchase two ounces of cocaine from him for $1900. Under the terms of the drug deal, the agent would meet Mike, who would be driving a blue Chrysler 300, in a grocery store parking lot in Fayette County. Other agents forming a surveillance team would be

2

stationed nearby and would move in and secure the scene once the deal was completed.

After arriving at the parking lot and waiting for an hour without having any contact from Mike, the undercover agent and other members of the surveillance team left the parking lot. However, shortly after leaving, the agent received another phone call from Mike, and he returned to the parking lot to complete the drug transaction. The surveillance team waited in another car in the parking lot to watch the transaction take place.

When the agent returned to the parking lot, he saw a blue Chrysler 300 occupied only by the driver. He observed the driver walk over to the passenger side of a dark Chevrolet HHR that was parked in a nearby aisle of the parking lot. Less than a minute later, the driver returned to the Chrysler 300. At that time, the agent received a phone call telling him to approach the Chrysler 300, and he then got out of his own car and went over to the Chrysler 300 to complete the drug transaction.

Once he approached the Chrysler 300, the undercover agent confirmed that the driver inside the car was named "Mike," paid him the cash, and received the quantity of cocaine. After the transaction took place, Mike again exited from the Chrysler 300 and walked back over to the passenger side of the Chevrolet HHR parked nearby. At

3

that point, the surveillance team moved in and apprehended Mike, who had sold the agent the cocaine, and McGee, who was sitting in the passenger seat of the Chevrolet HHR.

McGee was handcuffed and advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). McGee chose to speak with one of the members of the surveillance team, explaining that he was present in the parking lot "to make sure my boy didn't get robbed." He denied having the cocaine prior to the sale and denied having any weapons. No drugs or drug money were found on McGee or in the Chevrolet HHR in the search conducted after his arrest.

A forensic chemist at the state crime lab tested the suspected narcotics obtained from Mike as part of the drug transaction. The substance was confirmed as cocaine with a weight of 54.31 grams and a purity of 12.4 percent.

McGee and Mike were jointly indicted for the crime of trafficking in cocaine but were not tried together. At McGee's trial, the State called, among other witnesses, the undercover narcotics agent who completed the drug transaction with Mike, the member of the surveillance team who spoke with McGee after his arrest, and the forensic chemist who tested the suspected cocaine. McGee, who represented himself, did not testify or call any defense witnesses. At the conclusion of the trial, the jury

4

found McGee guilty of the charged offense. The trial court sentenced McGee to life in prison as a recidivist. This appeal followed.

Under OCGA § 16-13-31 (a) (1), a person commits the offense of trafficking in cocaine when he "is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine." Thus, the trafficking statute requires the State to prove that the defendant (1) possessed a substance, (2) that the substance was cocaine or a mixture with a purity of 10 percent or more of cocaine, (3) that the quantity of the substance was 28 grams or more, and (4) that the defendant did so knowingly. *Harrison v. State*, 309 Ga. App. 454, 456 (2) (711 SE2d 35) (2011).

As to the statutory requirement that the defendant possess the substance, evidence that the defendant had joint constructive possession of the cocaine with another is sufficient to sustain the trafficking conviction. See *Martinez v. State*, 314 Ga. App. 551, 552 (1) (724 SE2d 851) (2012). "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation omitted.) *White v. State*, 313 Ga. App. 605, 606 (1) (722 SE2d 198) (2012).

5

As to the knowledge requirement of the trafficking statute, the State must prove "that the defendant knew that he possessed a substance and knew that the substance contained some amount of cocaine." *Harrison* , 309 Ga. App. at 456 (2). See *Barr v. State*, 302 Ga. App. 60, 61-62 (1) (690 SE2d 643) (2010); *Cleveland v. State*, 218 Ga. App. 661, 663 (1) (463 SE2d 36) (1995). In contrast, the statute does not require that the State prove that the defendant knew the purity or weight of the substance. See *Harrison*, 309 Ga. App. at 456 (2); *Barr*, 302 Ga. App. at 61-62 (1); *Cleveland*, 218 Ga. App. at 663 (1).[1]

---

[1] In *Harrison*, we questioned whether *Barr* and *Cleveland* were correct in concluding that the knowledge requirement did not apply to the purity and weight of the substance. See *Harrison*, 309 Ga. App. at 456-457 (2). Nevertheless, we declined to revisit our precedent on the issue because any error in the jury instruction forming the basis for the appeal in *Harrison* was harmless in light of the evidence establishing the defendant's guilt of the trafficking offense. See id. at 458-459 (2) (b). See also *Wilson v. State*, 312 Ga. App. 166, 169 (2), n. 2 (718 SE2d 31) (2011) (discussing *Harrison*). Likewise, we decline to revisit our precedent in the context of the current appeal, given that McGee has not challenged that precedent and, in fact, concedes in his appellate brief that it is unnecessary to revisit whether the knowledge requirement should apply to the purity and weight of the substance in resolving the issues raised here. We note, however, that our Supreme Court recently granted certiorari in *Wilson* (Case No. S12C0370, decided Mar. 19, 2012), a case involving a conviction for trafficking in marijuana under OCGA § 16-13-31 (c), a provision similar to the cocaine trafficking provision at issue in this case. See OCGA § 16-13-31 (a) (1). Notably, our Supreme Court granted certiorari to address whether the State is required to prove that the defendant had knowledge of the weight of the marijuana that was in his possession to sustain his conviction for trafficking in marijuana.

Furthermore, even if a defendant does not directly commit the trafficking offense, he is a party to the crime if he intentionally aids or abets in its commission. See OCGA § 16-2-20 (b) (3); *Martinez*, 314 Ga. App. at 552 (1).

> A defendant's presence, companionship, and conduct before and after the offense are circumstances from which his participation in the criminal intent may be inferred. A defendant will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the defendant is prosecuted. If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding.

(Citation and punctuation omitted.) *Martinez*, 314 Ga. App. at 553 (1).

Applying these principles to the case-at-hand, we conclude that the evidence outlined above was sufficient to enable a rational trier of fact to find McGee guilty beyond a reasonable doubt of trafficking in cocaine. *Jackson*, 443 U. S. at 319 (III) (B). The testimony regarding the drug seller Mike's contact with McGee in the parking lot immediately before and after the drug transaction, combined with McGee's statement to the surveillance team member, entitled the jury to reasonably infer that, at a minimum, McGee served as a lookout and was present to provide

7

security for Mike during the transaction. "Acting as a lookout for a person who is committing a crime authorizes a conviction for that crime." *Dixon v. State*, 277 Ga. App. 656, 659 (627 SE2d 406) (2006). See also *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980) (jury entitled to find that defendant was party to the crime when the defendant "was observed in a position which authorized the inference that he was standing as a lookout"). The evidence, therefore, was sufficient to sustain McGee's conviction.

McGee nevertheless contends that the State failed to exclude every reasonable hypothesis except that of his guilty as required by OCGA § 24-4-6.[2] But

> [i]t is the jury's role to resolve evidentiary conflicts, determine witness credibility, and decide the reasonableness of hypotheses based upon the circumstantial evidence. Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

---

[2] OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

8

(Punctuation and footnotes omitted.) *Ferrell v. State*, 312 Ga. App. 122, 125 (1) (717 SE2d 705) (2011). Contrary to McGee's contention, we conclude that, based upon the evidence presented by the State in this case, decisions regarding the reasonableness of hypotheses were properly left for the jury to resolve.

2. McGee contends that the trial court erred in its response to a jury question pertaining to the knowledge requirement of the trafficking statute. We agree.

In its initial charge, the trial court instructed the jury on the statutory definition of trafficking in cocaine, see OCGA § 16-13-31 (a) (1), but the court did not define "knowingly" as that term is used in the trafficking statute. Later, during its deliberations, the jury returned a note inquiring, "Does the defendant have to *know* what crime is being committed to a be a party to that crime?" (Emphasis in original.) In response to the jury's question, the trial court responded,

> The short answer to that is no. As far as to know what specific crime is being committed, the defendant – the State would have to prove, however, that the defendant knew, *or should have known*, what prohibited conduct was being committed.

(Emphasis supplied.) McGee objected to the trial court's response to the jury's question, arguing that "you actually have to know what a person is doing to be a party

9

to it." The trial court noted McGee's objection for the record but made no correction to its response to the jury's question.

The trial court's response to the jury's question was an incorrect statement of the knowledge requirement imposed by the trafficking statute. As explained in Division 1, to convict a defendant of trafficking in cocaine, the State must prove "that the defendant knew that he possessed a substance and knew that the substance contained some amount of cocaine." *Harrison*, 309 Ga. App. at 456 (2). See *Barr*, 302 Ga. App. at 61-62 (1); *Cleveland*, 218 Ga. App. at 663 (1). Furthermore, the conviction of a defendant as an aider and abettor and thus party to the crime requires proof that he "had knowledge of the intended crime and shared in the criminal intent of the principal actor." (Footnote omitted.) *Ratana v. State*, 297 Ga. App. 747, 749 (678 SE2d 193) (2009). The trial court's response, however, erroneously informed the jury that McGee could be found guilty of trafficking in cocaine upon a showing of mere criminal negligence rather than proof of guilty knowledge.

"Fundamental to any criminal case tried to a jury is the jury's understanding of the essential elements of the crimes charged in order to determine whether the [S]tate has met its burden of proof beyond a reasonable doubt." *Coney v. State*, 290 Ga. App. 364, 369 (1) (659 SE2d 768) (2008). And "[a]ll charging errors are presumed to be

10

prejudicial unless the record shows them to be harmless." (Punctuation and footnote omitted.) *Williamson v. State*, 300 Ga. App. 538, 550 (6) (685 SE2d 784) (2009). Error in a jury charge is harmless only if "there is no reasonable probability that it misled the jury or permitted a defendant's conviction on an erroneous theory." (Citation and punctuation omitted.) *Able*, 312 Ga. App. at 257 (2).

Viewing the trial court's charge as a whole, combined with the court's response to the jury's question, we conclude that there is a reasonable probability that the erroneous response may have misled or confused the jury regarding what the State was required to prove. While the evidence was sufficient for the jury to find that McGee had knowledge of and shared in the criminal intent to possess the cocaine that Mike sold to the undercover agent, the evidence on this point was not overwhelming. Given the evidence presented, the jury could have found that McGee knew that Mike was involved in some type of dangerous transaction and agreed to protect him from being robbed, but did not specifically know that Mike possessed cocaine as part of that transaction or share in his criminal intent to possess it. It follows that the jury could have convicted McGee on the erroneous theory that he should have known that Mike possessed cocaine in agreeing to protect him from being robbed.

11

Accordingly, we cannot say that the trial court's erroneous response to the jury regarding the knowledge requirement was harmless. We therefore must reverse McGee's conviction and remand the case for a new trial. See *Dunagan v. State*, 269 Ga. 590, 594-595 (3) (502 SE2d 726) (1998) (trial court's charge that improperly substituted criminal negligence for criminal intent as an element of the crime of aggravated assault constituted reversible error); *Cadle v. State*, 271 Ga. App. 595, 597-598 (2) (610 SE2d 574) (2005) (trial court's responses to jury questions constituted reversible error, where responses indicated that criminal negligence rather than criminal intent could support conviction); *Jackson v. State*, 205 Ga. App. 513, 514-515 (3) (422 SE2d 673) (1992) (misstatement in jury charge regarding essential element of criminal intent required new trial on charge of possession of cocaine with intent to distribute); *Tift v. State*, 133 Ga. App. 455, 456-457 (2) (211 SE2d 409) (1974) (failure to charge jury on "knowledgeable possession" constituted reversible error in drug possession case).

3. McGee enumerates several additional alleged errors relating to other jury instructions given by the trial court. We decline to address the alleged errors because they are unlikely to recur on retrial of the case. Likewise, McGee's enumerations of

error pertaining to his sentence are moot and need not be addressed in light of our decision to reverse his conviction and remand for a new trial.

*Judgment reversed and case remanded for new trial. Adams and McFadden, JJ., concur.*