**SECOND DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 5, 2013**

# In the Court of Appeals of Georgia

A11A0720. HODGES v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Mario Hodges of aggravated assault, possession of a firearm during the assault, and misdemeanor involuntary manslaughter as a lesser included offense of felony murder. Hodges appealed, arguing that the trial court erred in sustaining the State's objection to state-of-mind evidence, in qualifying a witness as an expert, and in giving the State's requested jury charge on revenge as a motive, and that his trial counsel was ineffective for failing to obtain an expert witness to rebut the State's claim he acted with excessive force. For the reasons that follow, we affirm.

1. This court addressed Hodges' first enumeration of error in *Hodges v. State*, 311 Ga. App. 46 (714 SE2d 717) (2011) and reversed, holding that the trial court erred by excluding evidence regarding Hodges' state of mind when he shot the

victim. The Georgia Supreme Court granted the State's petition for certiorari and reversed this court, concluding that the trial court did not err by refusing to allow Hodges to testify about a violent incident regarding the victim and third parties. *State v. Hodges*, 291 Ga. 413 (728 SE2d 582) (2012). We hereby adopt the Supreme Court's reasoning regarding Hodges' first enumeration of error and hold that the trial court did not err in this respect.

2. Hodges asserts that the trial court erred in allowing a crime scene technician to testify as an expert on blood spatter analysis, arguing that the technician was not qualified to be an expert and that the testimony should have been excluded because the State failed to comply with discovery requirements. We review a trial court's decision to allow expert opinion evidence for abuse of discretion. *Ashley v. State*, 316 Ga. App. 28, 31 (2) (728 SE2d 706) (2012).

a. Hodges first contends that the trial court erred in allowing the witness as a blood spatter expert because she was not qualified. Whether a witness is sufficiently qualified to render an opinion within her area of expertise is a question of law for the trial court to decide. *Ashley*, 316 Ga. App. at 31 (2). "To qualify as an expert, generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as

study. Formal education in the subject at hand is not a prerequisite for expert status." (Citation and punctuation omitted.) *Thomas v. State*, 290 Ga. 653, 658 (5) (723 SE2d 885) (2012).

Holmes did not object to the witness's testimony on the ground that she was insufficiently qualified, however. After the State asked questions regarding the witness's training and experience, it proffered her as an expert in crime scene investigations and blood spatter analysis. When the trial court asked if Hodges had any questions regarding the witness's expertise, he responded that he had no objection to her testifying about her observations from processing the crime scene, "but if she's going to be giving some sort of opinion, that's well beyond what's been provided to us and would be improper." The court ruled that the witness could "testify [to] what she observes and what it's consistent with," and qualified her as an expert "for this purpose." The next day, after the witness had testified on direct and on cross-examination, Hodges moved for a mistrial, but again, not on the basis that the witness was unqualified, but because the State had not reduced the expert opinions to writing and given it to him.

"It is well settled that grounds which may be considered on appeal are limited to those which were raised at trial, and an objection on a specific ground at trial

3

waives any objection to that evidence on other grounds on appeal." (Punctuation and footnote omitted.) *Seibert v. State*, 294 Ga. App. 202, 206 (2) (670 SE2d 109) (2008). Accordingly, we do not review this issue.

b. Hodges also argues that, if the technician was properly qualified as an expert, then the State should have given him a written summary of her findings no later than ten days before trial pursuant to OCGA § 17-16-4 (a) (4). Because the State did not do so, he contends, the trial court should have excluded the opinion evidence. The applicable version of OCGA § 17-16-4 (a) (4), effective until January 1, 2013, provides that the State must permit the defendant to inspect and copy any reports "of scientific tests or experiments, including a summary of the basis for the expert opinion rendered" if the State intends to introduce in evidence the test results. It further provides that "[i]f the report is oral or partially oral, the prosecuting attorney shall reduce all relevant and material oral portions of such report to writing and shall serve opposing counsel with such portions no later than ten days prior to trial." Id.

OCGA § 17-16-6 provides that:

If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance,

4

or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

"[T]o obtain the exclusion of evidence for the State's alleged discovery violation, [Hodges] must show both prejudice and bad faith." *Clay v. State*, 290 Ga. 822, 841 (5) (b) (725 SE2d 260) (2012); see also *Leger v. State*, 291 Ga. 584, 587 (2) (732 SE2d 53) (2012). In this case, Hodges showed neither. Further, he did not seek a recess or continuance or request any other remedy authorized by OCGA § 17-16-6, except to object to the witness being qualified as an expert and giving opinion evidence.

Hodges argues that the Supreme Court's analysis in *Stinski v. State*, 286 Ga. 839, 857 (62) (691 SE2d 854) (2010), "is a clear signal that both parties must reveal to each other the conclusions that experts have reached based upon their analysis of the information that they have obtained," and that the State's failure to do so here is reversible error. The Supreme Court in *Stinski* held that the trial court did not err in ordering Stinski's psychologist to provide the State with a copy of the interview notes upon which she was relying as the basis for her expert opinions during the sentencing hearing, as a remedy for the defendant's failure to give the State an updated

5

"summary" of the basis for those opinions. Id. at 857 (62). The holding in *Stinski* does not support the argument that admitting opinion evidence over objection based on a discovery violation, absent a showing of bad faith and prejudice, is reversible error.

3. Hodges argues that the trial court erred in giving the State's requested charge that self-defense must be motivated by fear and "not in a spirit of revenge," asserting that the charge was improper because the State introduced no evidence that Hodges' actions were motivated by revenge.

In its lengthy charge on the affirmative defenses of justification and self-defense, the trial court mentioned revenge three times. The trial court instructed the jury that for the "use of force to be justified under the law, the accused must have really acted upon the influence of these fears [of imminent harm] and not in a spirit of revenge," that a person is not justified in assaulting someone "solely in revenge for a past or previous wrong," and that the jury was authorized to convict the defendant if it found force was used "for the sole purpose of avenging a past or previous wrong."

Jury charges must be correct statements of the law and, as a whole, must not mislead a jury of ordinary intelligence. *Sims v. State*, 296 Ga. App. 461, 464 (3) (675 SE2d 241) (2009). Here, Hodges does not contend that the charges were incorrect

6

statements of the law,[1] only that no evidence supported them. "To authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." *Robison v. State*, 277 Ga. App. 133, 135 (2) (625 SE2d 533) (2006). Here, Hodges and the victim had been friends a long time but had an ongoing dispute about money Hodges owed to the victim, and had argued about it the night before the victim died. Hodges himself testified that the victim had threatened to kill him and "get [his] people." Thus, at least slight evidence supported the charges as given. Accordingly, we find no error in the trial court's charge to the jury on justification and defense of self.

---

[1] Because Hodges has not argued that the jury charges at issue are legally incorrect, we do not consider whether cases holding that the absence of revenge is an essential element of justification are still good law. E.g., *Thompson v. State*, 281 Ga. App. 627, 632 (4) (636 SE2d 779) (2006); *Hill v. State*, 250 Ga. App. 9, 12 (1) (550 SE2d 422) (2001); *Jack v. State*, 245 Ga. App. 216, 218 (3) (536 SE2d 235) (2000). We note, however, that the 1933 Code's requirement that a defendant claiming justification show that he did not act in a "spirit of revenge," *Lackey v. State*, 217 Ga. 345, 347 (3) (122 SE2d 115) (1961), was removed from the 1968 Code, § 26-902, and its successor, OCGA § 16-3-21 (a). Our law now provides that a defendant may prove he was justified in using force if he reasonably believed it was necessary to prevent death or great injury to himself or a third person, or to prevent a forcible felony, and no longer requires that he show he did not act from revenge. *Brooks v. State*, 227 Ga. 339, 342 (3) (180 SE2d 721) (1971).

7

4. Hodges contends that his trial counsel was ineffective for failing to call an expert witness to rebut the State's claim he used excessive force. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the inadequate performance prejudiced the defense. *Harris v. State*, 268 Ga. 412 (490 SE2d 96) (1997), citing *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674)) (1984). The defendant must overcome the strong presumption that counsel's conduct fell within the broad range of professional conduct and demonstrate a reasonable probability that the outcome of the proceedings would have been different were it not for counsel's deficiencies. Id. at 412-413. We will affirm a trial court's determination that a defendant was not denied effective assistance of counsel unless that determination is clearly erroneous. *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998).

To explain the circumstances surrounding his third shot at the victim, who was running away, Hodges' trial counsel presented an expert witness at sentencing who testified about the effects of "tunnel vision," in which once a person begins to act in a threatening situation, he does not stop until the threat has ended. Hodges argues that his trial counsel was ineffective for failing to present this expert during the trial.

8

Trial counsel testified at the motion for new trial hearing that he focused his efforts on establishing that Hodges acted in self-defense by finding witnesses who could testify about the victim's violent acts. He further testified that he wanted to bring forth evidence which law enforcement officials had failed to consider and show that this evidence was consistent with Hodges' description of events. He reviewed voluminous evidence, received additional discovery material from the State a couple of weeks before trial, and secured the last witness to testify about matters related to self-defense only days before trial. He did not consider calling an expert to talk about Hodges' psychological state when he fired his weapon at the victim the third time, but knew that was an issue and planned to question the law enforcement witnesses to establish that even trained officers might not recall every detail about a stressful event like a gun fight. One of the officers testified that Hodges told him he "kind of blacked out" after firing the shotgun the first time, and defense counsel brought out in cross-examination that the officer believed him. Further, trial counsel testified, he intended to show that no evidence established that Hodges knew the victim had been hit with the first shot, which explained the second shot. Counsel did not consider hiring an expert for trial because his plan was not "to try to go that route in the trial itself. Just

because of the nature of experts and how they are perceived sometimes, [he] didn't want the jury to be thinking we were trying to pay somebody to say the right thing."

Under these circumstances, trial counsel's decision not to call an expert to discuss Hodges' psychological state during the incident was "within the realm of trial tactics and strategy and provides no basis for a claim of ineffective assistance of counsel." *Pippins v. State*, 263 Ga. App. 453, 458 (4) (a) (588 SE2d 278) (2003). Accordingly, the trial court committed no error in determining that Hodges was not denied effective assistance of counsel.

*Judgment affirmed. Ray and McMillian, JJ., concur.*