**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0796. BEVILLE v. THE STATE.                    DO - 029 C

DOYLE, Presiding Judge.

Phillip James Beville was tried in a bench trial and convicted of trafficking in cocaine[1] and possession of less than one ounce of marijuana.[2] Following the denial of his motion for a new trial , Beville appeals, contending: (1) the evidence was insufficient to support the verdict; (2) he did not effectively waive his right to a jury trial; (3) the trial court erred in failing to grant Beville's motion to suppress; and (4) the State failed to prove the chain of custody of the alleged contraband. For the reasons set forth below, we affirm.

---

[1] OCGA § 16-13-31 (a) (1).

[2] OCGA § 16-13-2 (b).

Construing the evidence in favor of the verdict,[3] the record shows that late at night on April 30, 2010, an officer was on patrol watching westbound traffic on I-20 for moving violations. The officer observed Beville driving a vehicle that the officer believed had an illegal window tint,[4] so he activated his emergency lights and executed a traffic stop. The officer approached the vehicle, and he immediately smelled the odor of burnt marijuana as Beville rolled down his window.

Beville exited the vehicle and consented to a search of his person, warning the officer of three knives in his pocket. While retrieving the knives, the officer felt a plastic bag in Beville's pocket. The officer sought and received permission to remove the bag, which contained what he suspected to be marijuana based on his training and experience. The officer placed Beville under arrest for possessing the marijuana, and because Beville was alone and the vehicle was on the side of a highway late at night, the officer began an inventory search of Beville's vehicle.

The search revealed a cigar tube containing burnt marijuana cigarettes, as well as a black grocery bag containing 498.78 grams of cocaine. Beville admitted to the officer that the bag contained cocaine.

---

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] See OCGA § 40-8-73.1 (b) (2).

2

Beville was indicted for trafficking in cocaine, possessing marijuana in violation of the Georgia Controlled Substances Act, and having an illegal window tint. After a bench trial, Beville was found guilty on the drug counts and acquitted of the window tint violation. Beville's motion for new trial was denied, giving rise to this appeal.

1. Beville contends that the evidence was insufficient to support the verdict because the record fails to show that he knowingly possessed 28 grams or more of cocaine. We disagree.

When reviewing the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime[s] charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all the evidence* is to be considered in the light most favorable to the prosecution.[5]

---

[5] (Emphasis in original; citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

"OCGA § 16-13-31 (a) (1) provides that '[a]ny person . . . who is knowingly in possession of 28 grams or more of cocaine or any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine.'"[6] Regarding the sufficiency of the evidence, Beville's only argument is that no evidence showed that he knew the weight of the cocaine, but that argument has been rejected by *Cleveland v. State*.[7] In *Cleveland*, this Court provided that "[t]he trafficking statute explicitly requires as the mens rea that defendant know he or she possesses the substance and know it is cocaine. *The statute is not, however, reasonably subject to the construction urged, that defendant must know or should know the substance possessed weighs at least 28 grams*."[8]

---

[6] *Barr v. State*, 302 Ga. App. 60, 61 (1) (690 SE2d 643) (2010).

[7] 218 Ga. App. 661, 662-663 (1) (463 SE2d 36) (1995). See also *Barr*, 302 Ga. App. at 61-62 (1). We note that in *Wilson v. State*, 291 Ga. 458, 459-460 (729 SE2d 364) (2012), the Supreme Court of Georgia in dicta questioned this Court's construction of the statute in *Cleveland*. That court did not, however, address the merits of the issue because it was not necessary in that case. See *Wilson*, 291 Ga. at 460 (noting *Cleveland's* precedential value). See also H. B. 349 § 4 (2013) (deleting the word "knowingly" from OCGA § 16-13-31 (a) (1)), applicable to offenses occurring on or after July 1, 2013. In light of the amount of cocaine at issue in this case, a brick weighing 498.78 grams, we decline to revisit this Court's precedent at this time.

[8] (Emphasis in original.) *Cleveland*, 218 Ga. App. at 663 (1).

4

Here, the State proved that Beville knowingly possessed the cocaine in his vehicle.[9] When asked about the brick of cocaine in his vehicle, Beville identified it as cocaine. Further, in a post-arrest interview, Beville admitted to a detective that he knew the brick was cocaine and that he was transporting it for payment. This evidence supports a finding that Beville knowingly possessed cocaine in violation of OCGA § 16-13-31 (a) (1) (C).[10]

2. Beville contends that the State did not carry its burden to show that he knowingly waived the right to a jury trial. We disagree.

> A defendant's right to trial by jury is one of those fundamental constitutional rights that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. This Court will affirm a trial court's decision that a defendant has validly waived his or her right to a jury trial unless that decision is clearly erroneous. When a defendant challenges the defendant's purported waiver of the right to a jury trial, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filing a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily

---

[9] See id.

[10] See id.

5

made.[11]

Here, the record contains a waiver form executed by Beville stating that he "freely and voluntarily waive[d] his right to a jury trial." The record also contains a colloquy by the trial court confirming Beville's waiver, as well as counsel's thorough explanation of his discussions with Beville and his reasons for proceeding with a bench trial. Further, the trial judge's own observations of Beville's demeanor during the hearing support the finding that he intelligently, knowingly, freely, and voluntarily waived his right to a jury trial. In light of the record, we discern no clear error by the trial court in ruling that Beville's waiver of a jury trial was knowing and voluntary.

3. Beville contends that the trial court erred by failing to suppress the evidence from the traffic stop because (a) the traffic stop was not based upon a reasonable articulable suspicion and (b) the narcotics were not found pursuant to a legitimate inventory search. We disagree.

(a) *The search was based upon a reasonable articulable suspicion.*

(i) It is well settled law that before stopping a car, an officer must have

---

[11] (Punctuation omitted.) *Barr*, 302 Ga. App. at 62 (2), quoting *Jacobs v. State*, 299 Ga. App. 368, 370 (1) (683 SE2d 64) (2009).

specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. But a traffic offense provides the necessary facts for such reasonable suspicion and when an officer witnesses a traffic offense, a resulting traffic stop does not violate the Fourth Amendment, regardless of the officer's motives for initiating the stop."[12]

Further, this Court has held that when an officer observes that a vehicle has darkly tinted windows and he reasonably believes them to be in violation of OCGA § 40-8-73.1, an ensuing traffic stop is justified by this reasonable articulable suspicion of criminal conduct.[13]

Here, Beville argues that the officer could not reasonably believe his windows were illegally tinted. But the officer observed Beville's car drive by his post, and he could not see into the vehicle, even with his headlights turned on, due to the dark tint of the windows. Based on this observation and his experience, the officer suspected that Beville's windows were excessively tinted in violation of the window-tinting statute, and he executed a traffic stop. The officer tested the vehicle's window tint using a handheld meter and discovered that the windows were tinted to a light

---

[12] (Footnotes and punctuation omitted.) *Christy v. State*, 315 Ga. App. 647, 650-51 (1) (727 SE2d 269) (2012).

[13] See id. at 651 (1). See also *Ciak v. State*, 278 Ga. 27, 30-31 (597 SE2d 392) (2004).

transmission of 30 percent, which an officer could reasonably believe violated the statutory limit of "less than 32 percent, plus or minus three percent."[14] Because of this reasonable suspicion of criminal conduct, the traffic stop was lawful.

(ii) Beville also contends that the search was not based on a reasonable, articulable suspicion because the State did not prove that Beville's arrest was effectuated in the jurisdiction in which the officer was authorized to make arrests. Beville did not raise this issue at trial,[15] but "even if we assume that the warrantless arrest in this case was illegal because the officer [was] outside [his] jurisdiction, suppression of the fruits of that arrest is not required because the arrest was made with sufficient probable cause."[16] Therefore, this argument presents no basis for reversal.

(b) *The narcotics were found pursuant to a legitimate inventory search.*

"Justification of . . . [an inventory] search . . . is premised upon the validity of

---

[14] Id. at (b) (2).

[15] See *Hodges v. State*, 319 Ga. App. 657, 658 (2) (a) (738 SE2d 111) (2013) ("It is well settled that grounds which may be considered on appeal are limited to those which were raised at trial, and an objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal") (punctuation omitted).

[16] *Devega v. State*, 286 Ga. 448, 451 (4) (b) (689 SE2d 293) (2010).

the impoundment of the vehicle."[17]

> Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. In each instance, the ultimate test for the validity of the police's conduct is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment. The test is whether the impoundment was reasonably necessary under the circumstances, not whether it was absolutely necessary.[18]

Here, the narcotics were found pursuant to a legitimate inventory search. Beville was the sole occupant of the vehicle, which was parked on the side of the interstate late at night. Thus, the impound and the inventory search were proper because no one remained to take custody of the vehicle and remove it from the side of the interstate.[19] Because the officer had legitimate grounds for an inventory search, the evidence seized during the search was properly admitted, and the trial court did not err by denying Beville's motion to suppress on this ground.

---

[17] *Evans v. State*, 216 Ga. App. 21, 24 (2) (453 SE2d 100, 103) (1995).

[18] (Citation and punctuation omitted.) *Scott v. State*, 316 Ga. App. 341, 343 (729 SE2d 481) (2012).

[19] See id. (officers are not *required* to ask arrestee if they can make arrangements for removing the vehicle if no one is available on the scene to take custody of the car); *Evans*, 216 Ga. App. at 24 (2).

4. Finally, Beville contends that the State failed to prove the chain of custody of the alleged contraband by not proving with reasonable certainty that the evidence was the same as that seized and that there has been no tampering. This contention has no merit. If a defendant fails to raise an objection to a piece of evidence's "chain of custody at the time it was admitted, he [has] waived his right to revisit this issue on appeal."[20] Beville did not object when the marijuana was admitted, nor did he object when the cocaine was admitted. Therefore, this enumeration presents nothing for review.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[20] *Moore v. State*, 285 Ga. 157, 158 (2) (674 SE2d 315) (2009).