## A02A1985. JORDAN v. THE STATE.
(578 SE2d 217)

MILLER, Judge.

Following a jury trial, Renaldo Jordan was convicted of aggravated battery, aggravated stalking, and stalking. He requested a new trial, which the court denied. He appeals, claiming that the trial court improperly commented on the evidence by making some brief remarks to a departing defense witness. We hold that the judge's cursory, friendly exchange with the witness did not improperly enhance the witness's credibility and certainly did not amount to reversible error, and we therefore affirm.

---

Approaching his former wife in violation of a restraining order, Jordan violently attacked and disfigured her. He also repeatedly contacted her at another time without her consent for the purpose of harassing her. A jury found him guilty, and the court sentenced him for aggravated battery, aggravated stalking, and stalking.

During the presentation of his defense, Jordan called a police investigator to testify that (contrary to the victim's testimony) the victim had reported to the investigator that Jordan had never physically abused her prior to the attack. The investigator testified, consistent with the victim, that the victim's report of no physical abuse pertained only to a limited time period. Jordan challenged the investigator's credibility regarding the time limitation. At the conclusion of her testimony, the investigator was leaving the stand when the judge playfully remarked to her that the judge was "mad" at her for not taking a job offered by the judge some years earlier and that she now had a better job than what the judge had offered her.

Outside the presence of the jury, Jordan objected to the remarks and moved for a mistrial on the grounds that the remarks had bolstered the credibility of the witness and were an improper comment on the evidence. See OCGA § 17-8-57. The court denied the motion but gave curative instructions when the jury returned, stating:

> I want to inform the jury of something. I have been kidding [the investigator] back and forth for years about her turning me down to work for me, and that is the reason I asked that, and it sure wasn't meant to be reflecting on her character as a witness or anything like that, and I probably shouldn't have said that. But don't pay any attention to that with anything to do with your verdict that you ultimately come out with.

Jordan renewed his objection. During its jury instructions at the end of the case, the court reminded the jury that "by no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of this case or upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the defendant."

Jordan's sole enumeration on appeal is that the trial court erred in commenting on the evidence when it made its passing remarks to the investigator. Citing OCGA § 17-8-57 and *Jones v. State*, 189 Ga. App. 232-234 (1) (375 SE2d 648) (1988), Jordan claims that he should receive a new trial as such an error was not curable by instructions. See *Crane v. State*, 164 Ga. App. 638, 640 (1) (298 SE2d 619) (1982).

OCGA § 17-8-57 prohibits a judge in a criminal case from expressing or intimating his or her opinion as to what has or has not been

proved or as to the guilt of the accused. To violate the statute, the comments must focus on a disputed issue of fact. *Brown v. State*, 251 Ga. App. 343, 345 (2) (554 SE2d 321) (2001). "The purpose of this limitation, in part, is to prevent the jury from being influenced by any disclosure as to the judge's opinion of a witness's credibility. [Cits.]" *O'Hara v. State*, 241 Ga. App. 855, 859 (3) (528 SE2d 296) (2000). A violation of the statute requires a new trial. OCGA § 17-8-57.

Here the brief remarks did not rise to the level of advocacy or imply the court's approval of the investigator's testimony, but they did seem to suggest approval of this investigator. See *O'Hara*, supra, 241 Ga. App. at 859 (3). As we stated in *O'Hara*, "[s]uch personal remarks by a court should be avoided to prevent even the slightest intimation of partiality. [Cit.]" Id. Nevertheless, as we also stated in *O'Hara*, we cannot agree with the defendant "that the trial court undermined the integrity of the process or improperly enhanced the credibility of this witness by engaging in this brief, friendly exchange. . . ." Id. This is distinguishable from *Jones*, supra, 189 Ga. App. at 232 (1), where the court directly stated, "'I don't believe this witness is biased. . . .'"

We hold that the court's brief, friendly remarks did not violate OCGA § 17-8-57. To the extent they approached impropriety, the court's curative instructions dispelled any lingering intimations. See *Flantroy v. State*, 231 Ga. App. 744, 746 (3) (501 SE2d 10) (1998). Accordingly, Jordan's sole enumeration presents no grounds for reversal.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Benjamin M. First, Assistant District Attorneys*, for appellee.