295 Ga. 39
FINAL COPY

S13G1042. SCOTT v. THE STATE.

HINES, Presiding Justice.

This Court granted certiorari to the Court of Appeals in *Scott v. State*, 320 Ga. App. XXVI (Case No. A12A2293, decided March 11, 2013) (not to be officially reported) to consider whether former OCGA § 16-13-31 (a) (1), which set forth the elements of the felony offense of trafficking in cocaine, required proof that the defendant had knowledge of the weight of the drug. Finding that the Court of Appeals erred in concluding that proof of the knowledge of the weight or quantity of cocaine was not an element of the offense, we reverse and remand.

Kenneth Scott was convicted of trafficking in cocaine and related charges after he was found in possession of, inter alia, 37 individually wrapped packets of powder cocaine, a twist-tied package of cocaine, a "slab" of cocaine, crack cocaine packaged for resale, packages of marijuana, a mirror and a cutting tool, and several loaded handguns. The state crime laboratory determined that among the substances seized was 72.65 grams of a cocaine mixture registering

72.6 percent purity of cocaine.

At the times of the crimes in 2009 and Scott's trial in 2010, former OCGA § 16-13-31(a) (1) provided, in relevant part:

> Any person who *knowingly* sells, manufactures, delivers, or brings into this state or who is *knowingly* in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine . . . .

(Emphasis supplied.)

In his appeal to the Court of Appeals, Scott argued that his conviction for trafficking in cocaine had to be reversed because the evidence failed to show that he *knew* that the cocaine weighed more than 28 grams; he maintained that knowledge of the quantity of the drug was an element of the offense. Citing its own precedent, the Court of Appeals held that proof of knowledge of the quantity of cocaine was not an essential element of the offense of trafficking in cocaine. *Scott v. State*, supra at Division 6 (d). But, such holding is in error.

1. The plain language of the version of former OCGA § 16-13-31 (a) (1) at issue[1] dictates the conclusion that knowledge of the quantity of the drug was

_____

[1] The version of the statute applicable to Scott was effective July 1, 2003 to June 30, 2012. The statute was amended, effective July 1, 2012 to June 30, 2013, and its present version

2

an element of the crime. It contains express scienter requirements, that is, knowledge of the nature and amount of the drug and of being in possession of it. And, certainly where "knowledge" is made part of an offense, the State has the burden to prove the defendant's guilty knowledge. *Phagan v. State*, 268 Ga. 272, 278 (3) (c) (486 SE2d 876) (1997).

Finding "knowingly" in the former cocaine trafficking statute to be a requirement as to each of the elements of the crime is consistent with prior strict constructions of the statute and with how the term "knowingly" has been applied in other statutes. See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988); *Bundren v. State*, 247 Ga. 180 (274 SE2d 455) (1981). Indeed, a criminal statute that introduces the elements of a crime with the word "knowingly" is ordinarily construed as applying that word to each element of the offense. *Flores-Figueroa v. United States*, 556 U. S. 646, 652 (II) (129 SCt 1886, 173 LE2d 853) (2009).

Furthermore, a statute is to be construed "'to give sensible and intelligent effect to all its provisions and to refrain from any interpretation which renders any part of the statute meaningless.'" *Motors Acceptance Corp. v. Rozier*, 278

became effective July 1, 2013.

3

Ga. 52, 53 (597 SE2d 367) (2004). And, the interpretation by the Court of Appeals, has done just that; it renders meaningless the express requirement of knowledge of the amount of cocaine possessed. The amount of the drug possessed may certainly be significant in regard to the viewed severity of the offense, and the consequent sanction for its commission. See, e.g., OCGA § 16-13-30, which criminalizes, inter alia, possession of lesser amounts of cocaine.

In *Wilson v. State*, 291 Ga. 458 (729 SE2d 364) (2012), which was noted in the opinion of the Court of Appeals, this Court acknowledged the potential merit of Wilson's argument that former OCGA § 16-13-31 (c) required proof that he knew the amount of the controlled substance he possessed. However, a definitive determination of the issue was unnecessary in that case because the question on appeal was whether the trial court's instruction to the jury that a conviction of trafficking did not require such proof constituted "plain error." Id. And, because of the existence of precedent from the Court of Appeals supporting such instruction, this Court concluded that giving it could not constitute "plain error." Id.

2. In a 2013 amendment to OCGA § 16-13-31, the General Assembly

4

deleted "knowingly," inter alia, throughout subsection (a).[2]  This legislative

change does not explain what the term"knowingly" was intended to mean when

the statute was originally passed. See, e.g., *Dees v. Logan*, 282 Ga. 815, 817

(653 SE2d 735) (2007).    What is more, such change is consistent with

---

[2] Present OCGA § 16-13-31 (a) provides:

> (1) Any person who sells, manufactures, delivers, or brings into this state or who is in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine and, upon conviction thereof, shall be punished as follows:
>
> (A) If the quantity of the cocaine or the mixture involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00;
>
> (B) If the quantity of the cocaine or the mixture involved is 200 grams or more, but less than 400 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of 15 years and shall pay a fine of $300,000.00; and
>
> (C) If the quantity of the cocaine or the mixture involved is 400 grams or more, the person shall be sentenced to a mandatory minimum term of imprisonment of 25 years and shall pay a fine of $1 million.
>
> (2) Any person who sells, manufactures, delivers, or brings into this state or who is in possession of any mixture with a purity of less than 10 percent of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine if the total weight of the mixture multiplied by the percentage of cocaine contained in the mixture exceeds any of the quantities of cocaine specified in paragraph (1) of this subsection. Upon conviction thereof, such person shall be punished as provided in paragraph (1) of this subsection depending upon the quantity of cocaine such person is charged with selling, manufacturing, delivering, or bringing into this state or possessing.

legislative confirmation that proof of a defendant's knowledge of each element of the trafficking statute, including weight of the drug, was required in former versions of the statute, but that the General Assembly no longer intends that it be so. This is reinforced by the General Assembly's enactment of OCGA § 16-13-54.1,[3] effective July 1, 2013, which expressly provides that a defendant's knowledge of the weight or quantity of the controlled substance is not to be an essential element of the offense so that it must be proven in order to obtain a conviction. Indeed, the enacting legislation, Ga. Laws 2013, p. 22, § 6 states that the Act is to apply only to offenses which occur on or after July 1, 2013, the effective date, and that any offense occurring prior to such date is to be governed by the statute in effect at the time of such offense.

3. Simply, former OCGA § 16-13-31 (a) (1), applicable to this case, required proof that the defendant had knowledge of the weight of the cocaine.[4]

---

[3]OCGA § 16-13-54.1 provides:
When an offense in this part measures a controlled substance or marijuana by weight or quantity, the defendant's knowledge of such weight or quantity shall not be an essential element of the offense, and the state shall not have the burden of proving that a defendant knew the weight or quantity of the controlled substance or marijuana in order to be convicted of an offense.

[4] *Cleveland v. State*, 218 Ga. App. 661, 662-663 (1) (463 SE2d 36) (1995), and its progeny, which include *Beville v. State*, 322 Ga. App. 673 (1) (745 SE2d 858) (2013); *McGee v.*

6

Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to that Court for consideration consistent with this opinion.[5]

Judgment reversed and case remanded. All the Justices concur, except Nahmias and Blackwell, JJ., who concur in judgment only as to Division 2.

Decided March 28, 2014 – Reconsideration denied April 10, 2014.

Certiorari to the Court of Appeals of Georgia – 320 Ga. App. XXVI.

Robert L. Persse, for appellant.

S. Hayward Altman, District Attorney, Rizza C. Palmares, Kelly A. Jenkins, Assistant District Attorneys, for appellee.

---

*State*, 316 Ga. App. 661, 664 (1) (730 SE2d 131) (2012); and *Barr v. State*, 302 Ga. App. 60, 61-62 (1) (690 SE2d 643) (2010), are hereby overruled to the extent that they hold that knowledge of the quantity or weight of the cocaine is not an essential element of the offense of trafficking in cocaine as set forth in former OCGA § 16-13-31 (a) (1).

[5]The Court of Appeals is to determine whether the evidence at trial was sufficient to prove beyond a reasonable doubt that Scott knew that the cocaine he possessed weighed 28 grams or more.