**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 11, 2015**

# In the Court of Appeals of Georgia

A14A1614. GRIFFIN v. THE STATE.

McFADDEN, Judge.

After a jury trial, Patrick Griffin was convicted of cocaine trafficking and possession of marijuana with intent to distribute. He appeals, raising six claims of ineffective assistance of counsel and four other enumerations of error.

He argues that trial counsel rendered ineffective assistance by failing to object to a question about Griffin's invocation of his right to counsel and his right to remain silent; by failing to object when lab reports, evidence labels, and evidence tags listing his name went out with the jury; by allowing an imperfectly redacted affidavit and search warrant to go out with the jury; by failing to show that a woman, not Griffin, was the lessee of the apartment in which the contraband was found; by failing to object to a jury charge on the presumption of possession; and by failing to request a

jury charge on sole constructive possession. None of these claims of ineffective assistance of trial counsel has merit.

Griffin also argues that the trial court expressed an opinion on a witness's credibility in violation of OCGA § 17-8-57. But the trial court's comments were part of a brief, friendly exchange that did not express an opinion on the witness's credibility. Griffin argues that the trial court erred by excluding references to two codefendants' earlier acquittals. But Griffin was not entitled to present evidence of the acquittals. Griffin argues that the trial court wrongly excluded certain relevant evidence and wrongly included certain irrelevant evidence, but he has not shown an abuse of discretion. Finally, contrary to Griffin's argument, circumstantial evidence was sufficient to show that he knowingly possessed more than 28 grams of cocaine, and the evidence generally supports the convictions. We therefore affirm.

1. *Sufficiency of the evidence.*

Although it is Griffin's final argument, we begin with the sufficiency of the evidence. On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines

whether the evidence is sufficient under the standard of *Jackson*
*v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted). Viewed in this light, the evidence shows that on January 13, 2011, officers executed a search warrant at an apartment in Clayton County. Griffin and at least ten other people were inside the apartment. The officers found cocaine, marijuana, large sums of cash, digital scales, drug distribution paraphernalia, and guns throughout the apartment. Cocaine was being cooked into crack on the stove top. A bale of marijuana was in the open pantry. Officers found $4,335 on Griffin. In total, close to $30,000 in cash was found on the men who were present in the apartment. A codefendant testified that, shortly before the police executed the warrant, Griffin asked someone to go buy some batteries, ostensibly for one of the digital scales, and Griffin provided the funds for the batteries.

A chemist with the Georgia Bureau of Investigation testified about the results of her testing of several of the multiple bags of contraband seized from the apartment, including one bag that contained a chunky, solid material that was 24.7 percent pure cocaine and weighed 61.45 grams and several bags of

a powdered material that was 49.4 percent pure cocaine and together weighed 235.83 grams.

The state presented as similar transaction evidence Griffin's prior convictions for cocaine possession and marijuana possession The state also admitted a statement Griffin made in connection with an incident in which he was not charged. Griffin admitted driving another person to a location where that person was intending to sell cocaine and watching that person weigh the cocaine in the back seat of his car.

Griffin's defense was that he was merely at the apartment to attend a party. But evidence, including Griffin's distinctively large clothing scattered in one of the bedrooms, a photograph of Griffin and his girlfriend found in that bedroom, and Griffin's admission that he "stayed" at that apartment with his girlfriend, linked Griffin to the apartment.

At the time of the crimes in 2011 and Griffin's trial June 11-15, 2012, former OCGA § 16-13-31 (a) (1) provided, in relevant part:

> Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in

> violation of this article commits the felony offense of trafficking
> in cocaine.

(The statute has since been amended to delete the word "knowingly." See *Scott v. State*, 295 Ga. 39, 40-41 & n. 1 (1), (2) (757 SE2d 106) (2014).) OCGA § 16-13-30 (j) (1) provides, "[i]t shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." The evidence described above supports the jury's determination that Griffin committed the offenses of cocaine trafficking and possession of marijuana with intent to distribute.

Griffin argues that there was insufficient evidence that he had knowledge of the weight of the cocaine. See *Scott*, 295 Ga. at 42 (3). But such knowledge may be proved by circumstantial evidence. *Freeman v. State*, 329 Ga. App. 429, 432 (1) (__ SE2d __) (2014). "Because the trafficking conviction in this case is based on the possession of a cocaine mixture that weighed far more than 28 grams, and because the evidence was overwhelming that [Griffin] had enough experience handling cocaine to know that the cocaine [ ] which, the jury evidently believed, was in his possession – weighed more

5

than 28 grams," the evidence was sufficient to establish that Griffin knew the weight of the cocaine in his possession exceeded 28 grams. *Harrison v. State*, 309 Ga. App. 454, 459 (2) (b) (711 SE2d 35) (2011).

2. *Griffin received effective assistance of counsel*.

Griffin argues that he received ineffective assistance of counsel in six regards. To prevail on his claim of ineffective assistance of counsel, Griffin must show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If he "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted). We "give[] deference to the trial court's factual findings, which are to be upheld unless clearly erroneous, and examine[] the lower court's legal conclusions de novo." *Dulcio v. State*, 292 Ga. 645, 650 (3) (740 SE2d 574) (2013).

(a) *State's question to a detective.*

Griffin argues that counsel rendered deficient performance during the state's examination of one of the detectives. The detective testified that after

6

he read Griffin his *Miranda* rights, he questioned Griffin about where he lived, and they briefly discussed the investigation. The assistant district attorney next asked, "And then at that point in time did the defendant then request for an attorney and not wish to talk to you any further?" The detective responded, "Yes."

Griffin argues that trial counsel rendered deficient performance by failing to object to this question, which, he contends, impermissibly commented on his invocation of his right to counsel and his right to remain silent. To its credit, the state concedes that the question was improper and objectionable. But not all references to a defendant's invoking his right to remain silent require reversal: "In fact, to reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." *Taylor v. State*, 272 Ga. 559, 561 (2) (d) (532 SE2d 395) (2000) (citation and punctuation omitted).

Here the state's question and the witness's answer did not "point directly at the substance of" Griffin's defense that he was at the apartment for a party. And the reference could not have "otherwise substantially prejudiced" Griffin

7

in the eyes of the jury. The state's violation consisted of only a single reference to Griffin's invocation of his rights and the reference was isolated. See *Qureshi v. State*, 291 Ga. App. 708, 710 (662 SE2d 806) (2008). The assistant district attorney did not comment on Griffin's invocation of his rights in closing argument. Id. "[I]t appears that [the reference] was not intended to reflect on [Griffin's] guilt and it was not probative on that issue. Thus, the remark was not so fundamentally unfair as to deny him due process." *Hardy v. State*, 301 Ga. App. 115, 116 (2) (686 SE2d 789) (2009) (citations omitted).

And counsel had a reasonable explanation for his failure to object. At the motion for new trial hearing, counsel explained that:

> Sometimes during the course of a trial when a question has been asked and the witness has already answered it, it does more harm than good to jump up and draw more, it does more harm than good to jump up and draw attention to a question that really didn't hurt your client to begin with.

Griffin has not shown that trial counsel's failure to object was deficient assistance of counsel. *Taylor*, supra, 272 Ga. at 562 (2) (d). See also *Martin v. State*, 290 Ga. 901, 902-903 (1) (a) (725 SE2d 313) (2012) (trial counsel was not ineffective for failing to redact portion of videotaped statement where

8

defendant invoked his right to counsel because videotape merely showed that defendant invoked his right to an attorney after giving a lengthy statement to police, and that the interview was then properly terminated, and did not purport to be evidence of his guilt nor was it directed to undermining any of his defenses).

(b) *Evidence labeled with Griffin's name.*

Griffin argues that trial counsel was ineffective because he allowed evidence labeled with his name to be sent out with the jury. Specifically, he points to four evidence bags: one in which digital scales were sealed, one in which 14 bags of suspected powdered cocaine were sealed, one in which plastic bags of crack cocaine were sealed, and one in which four cell phones were sealed. Listed on the front of each bag were the notations, "Offense: VGCSA 16 13 30," or "Offense: VGCSA," and "Suspect: Griffin, Patrick." Griffin also points to an evidence tag that was attached to state's exhibit 28, a handgun. That tag included the notation: "POSSESSOR INFORMATION: LAST NAME Griffin FIRST NAME Patrick." Griffin points to a Georgia Bureau of Investigations lab report that identified cocaine seized from the scene and listed Griffin as one of four "Case Individual Subjects." He also

points to a Clayton County Police Department report that identified marijuana seized from the scene and listed Griffin as one of eight defendants. (He also mentions an evidence bag in which 163 tablets of MDMA were sealed and which listed Griffin's name as one of four suspects, but he does not indicate where the MDMA was admitted or went out with the jury, and an evidence tag attached to another handgun that stated, "Stolen out of Henry Co Police" but did not even list his name.)

At the motion for new trial hearing, trial counsel testified that he did not recall that the bags and tags went out with the jury. And the judge believed that they did not go out with the jury. Nonetheless, in the order denying Griffin's motion for new trial, the trial court did not make a finding of fact on this issue. Therefore, for purposes of this appeal, we will assume that the evidence bags, tags and labels did go out with the jury. Even so, Griffin has not shown that trial counsel was ineffective for failing to object because listing his name was not prejudicial, and the cases he cites in support are distinguishable.

The information that went out with the juries in the cases cited by Griffin was highly prejudicial – unlike the mere listing of Griffin's name as a suspect or defendant on the bags, tags and reports at issue. In *Morris v. State*, 161 Ga.

App. 141, 142 (1) (288 SE2d 102) (1982), we reversed Morris's drug convictions, holding that "it was erroneous for the trial court to allow to go to the jury room a tag which read 'residence of L. D. Morris' and was affixed by a police officer to a set of scales discovered in [an] apartment," given that whether Morris resided there was a hotly disputed issue of fact. We held that "[t]he tag embodied a conclusion which was solely within the jury's province to make, and its presence within the jury room constituted reversible error." Id.

In *Spence v. State*, 96 Ga. App. 19 (99 SE2d 309) (1957), the defendant was convicted of driving under the influence of intoxicants. We reversed his conviction, holding that allowing the defendant's arrest ticket to go out with the jury was prejudicial error, given that it "contain[ed] the statement: 'Check, found as checked, admits drinking quart of beer.'"Id. at 21 (3). See also *Jinks v. State*, 229 Ga. App. 18, 19-20 (2) (493 SE2d 214) (1997) (marijuana possession conviction reversed where trial court admitted fingerprint card that was unredacted and listed defendant's name and, under the heading "Charge," stated "Driving Under Influence" and "Too Fast For Conditions").

In contrast, the listing of Griffin's name as a suspect or defendant on the evidence bags, tags, and reports "hardly amounted to written testimony that

11

could work any prejudice against [Griffin]." *Brown v. State*, 195 Ga. App. 389, 390 (393 SE2d 514) (1990). See also *Stokes v. State*, 206 Ga. App. 781 (2) (426 SE2d 573) (1992) (trial court did not err by admitting into evidence bag containing contraband to which tags were attached bearing defendants' names). Obviously, the jury knew that Griffin was a suspect and a defendant, given that he was currently on trial. Consequently, trial counsel was not ineffective in this regard.

And to the extent that Griffin challenges listing him as the "possessor" of the handgun, given that he was charged with possession of a firearm as a convicted felon, any error was harmless as the jury returned a not guilty verdict on this charge.

(c) *Griffin has not shown that trial counsel allowed an imperfectly redacted search warrant and affidavit to go out with the jury*.

Griffin argues that counsel was ineffective for allowing an imperfectly redacted search warrant and affidavit to go out with the jury in violation of the continuing witness rule. But trial counsel testified that the imperfect redaction was corrected, so that Griffin's name was no longer visible, the trial court found that only a redacted search warrant went out with the jury, and Griffin

12

has not shown that the trial court's factual finding is clearly erroneous. Consequently, this claim lacks merit.

(d) *Trial counsel was not ineffective for failing to show that a woman, not Griffin, was the lessee of the apartment in which the contraband was found*.

Griffin argues that trial counsel was ineffective for failing to pursue and present to the jury the identity of the lessee of the apartment. However, trial counsel's trial strategy for failing to pursue this issue was reasonable. At the motion for new trial hearing, trial counsel testified that he did not pursue the issue because their theory of the case was that Griffin was simply at the apartment to attend a party. Consequently, the identity of the lessee was irrelevant. Moreover, counsel testified, there was some evidence that Griffin lived at the apartment. Trial counsel's strategic decision did not amount to ineffective assistance of counsel. *Copeland v. State*, 327 Ga. App. 520, 528-529 (3) (b) (759 SE2d 593) (2014).

(e) *Trial counsel was not ineffective for failing to object to the presumption of possession jury charge.*

Griffin argues that trial counsel was ineffective for failing to object to the presumption of possession jury charge because such a presumption is limited to owners and tenants of property and Griffin was neither an owner nor a tenant. On the contrary, "[u]nder Georgia law, a presumption of possession and control arises when the defendant owns *or resides* in the premises." *Kirchner v. State*, 322 Ga. App. 275, 282 (1) (c) (744 SE2d 802) (2013) (emphasis supplied; citations omitted). The state presented some evidence that Griffin resided at the apartment. Consequently, Griffin has not shown that counsel was ineffective for failing to object to this jury charge on this ground.

(f) *Trial counsel was not ineffective for failing to request a charge on sole constructive possession.*

Griffin argues that trial counsel should have requested a jury charge to the effect that the state was required to prove that Griffin was in sole constructive possession of the contraband, given that not all of those arrested with Griffin were indicted. He relies on cases in which we have held that when more than one occupant has equal access to contraband, but only one occupant is prosecuted for possession of the contraband, the state has the burden of proving that the prosecuted occupant was in sole constructive possession of the

14

contraband. See, e.g., *Benitez v. State*, 295 Ga. App. 658, 660 (673 SE2d 46) (2009), overruled in part by *Maddox v. State*, 322 Ga. App. 811, 814-816 (2) (746 SE2d 280) (2013); *Turner v. State*, 276 Ga. App. 381, 383-384 (623 SE2d 216) (2005), overruled in part by *Maddox*, supra; *Warren v. State*, 254 Ga. App. 52, 54 (561 SE2d 190) (2002), overruled in part by *Maddox*, supra.

But in *Maddox*, 322 Ga. App. at 814-816 (2), we ruled that there was no reasonable basis for such a holding and overruled in part those cases restating that holding. Accordingly, we rejected Maddox's argument that the trial court erred by refusing to instruct the jury on the state's burden to prove sole constructive possession.

Although *Maddox* was decided after Griffin's 2012 trial, its holding applies to Griffin's case. See *Lewis v. State*, 291 Ga. 273, 278 (4) (731 SE2d 51) (2012). As Griffin was not entitled to a jury charge on sole constructive possession, he cannot show that counsel's failure to request such a charge was ineffective assistance. See *McClure v. Kemp*, 285 Ga. 801, 803 (684 SE2d 255) (2009).

3. *The trial court did not improperly express an opinion on the credibility of a witness.*

15

Griffin argues that the trial court judge violated OCGA § 17-8-57 by expressing a favorable opinion about the credibility of a state's witness, Kenneth Chappell, a crime scene investigator. OCGA § 17-8-57 prohibits "any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." "[A]ny violation of OCGA § 17-8-57 requires a new trial regardless of whether there has been any showing of actual prejudice to the defendant" or whether the defendant objected. *Rouse v. State*, __ Ga. __, __ (2) (__ SE2d __) (Case No. S14A1165, decided Nov. 21, 2014). We conclude, however, that the colloquy at issue was permissible: it was a "brief, friendly exchange" that "did not rise to the level of advocacy or imply the court's approval of the investigator's testimony" – notwithstanding that it "did seem to suggest approval of this investigator." See *Jordan v. State*, 259 Ga. App. 551, 552 (578 SE2d 217) (2003), overruled in part on other grounds by *Patel v. State*, 282 Ga. 412 (651 SE2d 55) (2007).

The trial court made the comments in question after Chappell completed his testimony. After the court informed Chappell that he was excused, the following transpired:

16

CHAPPELL: Thank you, Your Honor. Thank you, jury, for your time and attention.

THE COURT: The state may call their next witness.

THE ASSISTANT DISTRICT ATTORNEY: Thank you, Judge. The state would call Detective Williams.

THE COURT: All right. To my knowledge Mr. Chappell is not running for elective office. Maybe he should.

CHAPPELL: Your Honor, I've learned one thing, what sustained means.

THE COURT: Just keep coming back, just keep coming back.

Detective Williams was called as a witness.

THE COURT: Come on up, please, sir, if you would, to the seat to my right. Good afternoon.

WILLIAMS: How you doing?

THE COURT: Good. You have a hard act to follow, I'm just warning you.

Both this court and our Supreme Court have held that such brief, friendly exchanges between courts and witnesses do not impermissibly comment on a witness's credibility. For example, in *Watson v. State*, 278 Ga. 763, 769-770 (5) (604 SE2d 804) (2004), the Supreme Court ruled that the jury would not have interpreted as a comment on the witness's credibility a remark made by the trial court that "simply follow[ed] up on the humor that the entire courtroom felt" when an animal behaviorist testified as an expert witness on cat scratches. Similarly, in *O'Hara v. State*, 241 Ga. App. 855, 859-860 (3) (528 SE 2d 296) (2000), we found no violation where, in a "brief, friendly" exchange, the trial court told a testifying police officer, "I've told you, you can't [retire] unless I [do]." In *Jordan*, supra, 259 Ga. App. at 553, we found no violation from the trial court's "brief, friendly remarks" at the conclusion of an investigator's testimony "that the judge was 'mad' at her for not taking a job offered by the judge some years earlier and that she now had a better job than what the judge had offered her." Compare *Jones v. State*, 189 Ga. App. 232, 232-234 (1) (375 SE2d 648) (1988) (comment "I don't believe this witness is biased" clearly violated OCGA § 17-8-57).

18

We therefore conclude that the exchange at issue here did not amount to a comment on Chappell's credibility and consequently that the trial court's comments did not violate OCGA § 17-8-57. We note however, as we did in *Jordan* and *O'Hara*, that "[s]uch personal remarks by a court should be avoided to prevent even the slightest intimation of partiality." *Jordan*, supra, 259 Ga. App. at 552; *O'Hara*, supra, 241 Ga. App. at 859 (3).

4. *The trial court did not err by excluding references to two codefendants' acquittals*.

Relying primarily on *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987), Griffin argues that the trial court erred by refusing to admit as evidence the fact that two codefendants had been acquitted at an earlier trial. But this case is controlled by one in which our Supreme Court distinguished *White*:

> In *White*, [our Supreme] Court held that one charged distinctly as an accessory to a crime may be entitled under Georgia law to present evidence of the acquittal of another charged distinctly as the principal. . . . Unlike *White*, it was not essential in the case against [Griffin] for the [s]tate to prove that [the codefendants] also [were] guilty. In the indictment, [Griffin] was not charged distinctly as having aided or abetted [the codefendants] in the commission of the [crimes],

19

*Davis v. State*, __ Ga. __, __ (2) (__ SE2d __) (Case No. S14A1179, decided Nov. 3, 2014) (footnotes omitted). Accordingly, Griffin was not entitled to present this evidence.

5. *Griffin has not shown the trial court abused her discretion in evidentiary rulings*.

Griffin challenges two of the trial court's relevancy-based evidentiary rulings. Griffin argues that the trial court abused her discretion in allowing an officer to explain no-knock warrants because the matter was irrelevant. But Griffin was arrested pursuant to the execution of a no-knock warrant. And "all the circumstances attending his arrest, [were] admissible to be considered by the trier of fact for what they [were] worth." *Blake v. State*, 272 Ga. App. 181, 182 (2) (612 SE2d 33) (2005) (citation and punctuation omitted).

Griffin next argues that the trial court erred by refusing to allow him to question a witness about a relevant matter during re-cross examination. The witness had been indicted with the others but was granted immunity for testifying. The witness testified that she had been at the apartment ten minutes when the police arrived. Defense counsel asked her, "What was your purpose for going there?" The trial court sustained an objection to the question on

20

relevancy grounds. Counsel did not make a proffer of what he expected the witness to answer. Nor did he make any response other than to state that he believed the question was relevant.

"Although a defendant is entitled to a thorough and sifting cross-examination as to all relevant issues, the trial court, in determining the scope of relevant cross-examination, has a broad discretion." *Johnson v. State*, 270 Ga. 234, 235 (2) (507 SE2d 737) (1998). Here, Griffin "failed to make any response or proffer to the [s]tate's relevancy objection to the evidence at trial." *Ogletree v. State*, 211 Ga. App. 845, 847 (3) (440 SE2d 732) (1994). Griffin has not shown that the trial court abused her broad discretion.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.