**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 18, 2015**

# In the Court of Appeals of Georgia

A14A1621. CHILDS v. THE STATE.

MCMILLIAN, Judge.

Herbert Lee Childs, Jr. was tried before a jury and convicted of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1) and several motor vehicle-related offenses. On appeal, Childs contends that the evidence was insufficient to support the trafficking conviction because the State failed to prove that he had knowledge of the weight of the cocaine. We agree and reverse Child's conviction as to trafficking in cocaine.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on January 5, 2012, Corporal Robert Duncan of the Monroe County Sheriff's Office was monitoring southbound traffic on I-75 in Monroe County, Georgia. At

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

approximately 3:00 p.m., Duncan observed a vehicle with extremely dark tinted windows and a tinted tag cover. He stopped the vehicle, which was driven by Childs. Duncan approached the passenger side of the vehicle and smelled the odor of raw marijuana coming from within the vehicle as soon as the passenger, Tamika Freeman,[2] rolled down the window. Childs told Duncan that he was driving his uncle's vehicle and eventually admitted that there was marijuana in the car but said there was just enough for a joint. While Duncan waited for backup,[3] he learned from dispatch that Childs' driver's license was suspended and placed Childs under arrest. Duncan asked Freeman to get out of the car and noticed that she was chewing what he believed to be marijuana. Childs told Duncan that Freeman had the marijuana on her and told Freeman to "give him the weed." Duncan then placed Freeman in custody and began a probable cause search of the vehicle.

---

[2] Childs is married to Freeman's cousin.

[3] During this time, Duncan also confirmed that the vehicle's windows were tinted approximately 12 percent in violation of OCGA § 40-8-73.1 and that the tag was covered by a tinted cover in violation of OCGA § 40-2-41. Childs does not argue the sufficiency of the evidence on these convictions. The trial court later vacated the conviction for driving while license suspended in violation of OCGA § 40-5-121 (a) because the State failed to present evidence that Childs had received actual or legal notice of the suspension.

At trial, Duncan testified that, within seconds, he located a brown paper bag inside the center console of the car between the driver seat and the front passenger seat. Inside the brown paper bag were two clear plastic bags. One appeared to contain powdered cocaine and the other held what appeared to be crack cocaine. Duncan testified that, based on his experience, the bags contained a large amount of cocaine that was consistent with distribution rather than personal use. GBI forensic chemist James Wadsworth testified that one bag contained a white chunky substance that appeared to be crack cocaine and weighed 27.32 grams. The other bag contained 35.13 grams of powdered cocaine that he tested and found to be 45.2 percent pure. Wadsworth also testified that although he performs 90 to 100 tests on suspected cocaine each month, he only sees cocaine that falls within the statutory trafficking weight approximately once per month.

Freeman, who was tried along with Childs,[4] testified that she was just riding with Childs that day to visit her mother-in-law near Greenbrier Mall and that she did not know there was any cocaine in the car. She and Childs left Macon around noon, and when they arrived at the mall, she immediately left to spend time with her

---

[4] The jury found Freeman guilty only as to one count of tampering with evidence. She is not a party to this appeal.

3

mother-in-law at a nearby nail salon and restaurant. She did not know what Childs did during this time, but only 30 to 40 minutes later, she called Childs, who then returned to pick her up. Duncan pulled their vehicle over on their way back to Macon when it was almost time for her to pick her kids up from school. According to Freeman, Duncan located the bag of cocaine inside a gray hat that belonged to Childs. Freeman testified that Childs was unemployed at that time but always had money.

1. Childs asserts that the evidence was insufficient to support his conviction for trafficking in cocaine because the State failed to prove that he knowingly possessed a trafficking amount of cocaine. In addressing the sufficiency of the evidence, this Court does not weigh the evidence or determine witness credibility but only considers whether "a rational trier of fact could have found the defendant guilty of the charged offense[] beyond a reasonable doubt." (Citation and punctuation omitted). *Freeman v. State*, 329 Ga. App. 429, 431 (1) (765 SE2d 631) (2014). We will uphold a jury's verdict so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case." (Citation and punctuation omitted.) Id.

Former OCGA § 16-13-31 (a) (1),[5] in relevant part, provided

> [a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article, commits the felony offense of trafficking in cocaine . . . ."

And in *Scott v. State*, the Supreme Court of Georgia recently overruled a long line of appellate cases on the knowledge required to prove a trafficking offense and held that:

> The plain language of the version of former OCGA § 16-13-31 (a) (1) at issue dictates the conclusion that knowledge of the quantity of the drug was an element of the crime. It contains express scienter requirements, that is, knowledge of the nature and amount of the drug and of being in possession of it. And, certainly where "knowledge" is made part of the offense, the State has the burden to prove the defendant's guilty knowledge.

---

[5] The version of the statute applicable to Childs was effective July 1, 2003 to June 30, 2012. See Ga. L. 2003, p. 177, § 4; Ga. L. 2012, p. 899, § 3-8. The present version of the statute became effective July 1, 2013. See Ga. L. 2013, p. 222, § 4. In the latest amendment, the General Assembly deleted "knowingly" throughout subsection (a). See *Scott v. State*, 295 Ga. 39, 41 (2) (757 SE2d 106) (2014).

295 Ga. 39, 40 (1) (757 SE2d 106) (2014). Thus, the State had the burden of proving that Childs *knowingly* possessed 28 grams or more of cocaine with a purity of at least 10 percent.

The State, citing *Hernandez-Garcia v. State*, 322 Ga. App. 455, 461 (745 SE2d 706) (2013), correctly argues that "it has long been the law that knowledge may be proved by facts and circumstances from which a jury could reasonably infer that a defendant knowingly possessed contraband." The State contends that the jury could infer that Childs knew the weight of the cocaine based on the fact of the short turn-around trip to Atlanta from Macon, his always having money despite having no employment, the packaging of the cocaine and the two different types of cocaine, and the amount of cocaine, which was consistent with distribution and sale. While this evidence may be sufficient to support a conviction for the lesser included offense[6] of possession of cocaine with intent to distribute in violation of OCGA § 16-13-30 (b),[7]

---

[6] Neither Childs nor the State requested a jury charge on any lesser included offenses.

[7] See *Nixon v. State*, 258 Ga. App. 343, 346 (2) (574 SE2d 404) (2002) (unemployment status coupled with large amount of drugs can be evidence of intent to distribute); *Navicky v. State*, 245 Ga. App. 284, 285-286 (3) (537 SE2d 740) (2000) (presumption arises that a person in control of an automobile possesses contraband found therein); *Stewart v. State*, 232 Ga. App. 565, 566 (1) (502 SE2d 502) (1998) (4.9 grams of cocaine is sale amount not personal use amount).

6

the State nonetheless failed to present sufficient facts and circumstances from which a jury could reasonably infer that Childs knowingly possessed 28 grams or more of cocaine with a purity of 10 percent or more.

Although the State introduced evidence that Childs possessed two bags of cocaine, one bag only *appeared* to contain crack cocaine. Because that substance was never tested, there is no evidence of its purity. The only confirmed substance was the powdered cocaine, which weighed 35 grams, only seven grams more than the statutory threshold.[8] Moreover, the State could not point to a scale or any other evidence that Childs had weighed or measured the cocaine. And the State presented no evidence of prior similar transactions or other evidence that Childs was specifically familiar with trafficking weights of cocaine and would know that the cocaine he possessed on January 5, 2012 weighed at least 28 grams.

Thus, the facts of this case are unlike those presented in other cases in which this Court found that the evidence was sufficient to prove that the defendant had knowledge of the weight of the cocaine. For example, in *Freeman*, the cocaine at issue had a purity of 82 percent and weighed 50.62 grams, nearly two times the

---

[8] Seven grams equates to approximately .25 ounces. See *Sloan v. State*, 172 Ga. App. 620, 620 (323 SE2d 834) (1984) (one ounce is approximately 28.35 grams).

7

trafficking threshold weight of 28 grams.[9] 329 Ga. App. at 432-433 (1). The jury in that case also heard evidence of five similar transactions, including Freeman's three convictions for possession of cocaine with the intent to distribute, including possession in the amounts of nearly 26 grams and 19 grams of cocaine. Id. Compare also *Harrison v. State*, 309 Ga. App. 454, 458-459 (2) (b) (711 SE2d 35) (2011) (evidence overwhelmingly showed defendant knowingly possessed a trafficking amount of cocaine where the cocaine was 32 percent pure and weighed 106 grams – more than three-and-a-half times the trafficking threshold and defendant testified that he had previously dealt cocaine and handled 25 grams of cocaine).

Based on the record before us, we find the evidence was insufficient to prove an essential element of the crime of trafficking in cocaine, i.e., that Childs *knowingly* possessed 28 grams or more of cocaine. Accordingly, we reverse Childs' conviction for trafficking in cocaine.

---

[9] We emphasize that unlike in *Freeman*, the second bag of suspected crack cocaine was never tested for purity and thus cannot be used to show that Childs possessed such a large amount of cocaine with the purity prohibited by statute that his knowledge of the amount could be reasonably inferred.

2. Because we have reversed his trafficking in cocaine conviction, Childs' remaining enumerations of error have been rendered moot. See *Hamlett v. State*, 323 Ga. App. 221, 234 (3) (753 SE2d 118) (2013).

*Judgment reversed. Phipps, C. J., and Ellington, P. J., concur*.