**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 20, 2015**

# In the Court of Appeals of Georgia

A12A2293. SCOTT v. STATE.

MCMILLIAN, Judge.

In *Scott v. State*, 295 Ga. 39 (757 SE2d 106) (2014), our Supreme Court overruled a long line of cases on the knowledge required to prove trafficking in cocaine under the former version of OCGA § 16-13-31 (a) (1).[1] Accordingly, the Supreme Court reversed the part of our holding in *Scott v. State*, 320 Ga. App. XXVI (decided March 11, 2013) (unpublished), in which we relied on that precedent to affirm Scott's conviction, and directed us upon remand "to determine whether the

---

[1] The General Assembly has since amended the statute to delete the word "knowingly" throughout subsection (a), and has added a new Code Section that specifically provides that the defendant's knowledge of the weight or quantity of a controlled substance is not an essential element of the offense which the State has to prove. See Ga. L. 2013, p. 222, §§ 4, 6. These changes became effective on July 1, 2013, and apply to offenses which occur on or after that date. Id. at § 21. The offense at issue here was alleged to have occurred in September 2009.

evidence at trial was sufficient to prove beyond a reasonable doubt that Scott knew that the cocaine he possessed weighed 28 grams or more." *Scott*, 295 Ga. at 42 (3), n.5. We have reviewed the evidence in light of this directive and once again conclude that the evidence was sufficient to convict Scott of trafficking in cocaine under former OCGA § 16-13-31 (a) (1).[2] Further, we also have considered and reject Scott's contention that in light of the "change" in the law, he will be denied due process and his right to a trial by jury if we merely affirm his conviction instead of allowing him to be retried.[3] Accordingly, we now affirm Scott's conviction as more fully set forth below.

1. We start with the applicable version of OCGA § 16-13-31 (a) (1), which provides in relevant part as follows:

> Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article, commits the offense of trafficking in cocaine.

---

[2] Because we do not read the Supreme Court's opinion as directing us to revisit the issue of Scott's knowing possession of the cocaine, we focus our inquiry on whether Scott knew the cocaine he possessed weighed 28 grams or more.

[3] Scott raised these issues by way of a supplemental brief upon remand to this Court.

As the Supreme Court explained in *Scott*

> The plain language of the version of former OCGA § 16-13-31 (a) (1) at issue dictates the conclusion that knowledge of the quantity of the drug was an element of the crime. It contains express scienter requirements, that is, knowledge of the nature and amount of the drug and of being in possession of it. And, certainly, where "knowledge" is made part of the offense, the State has the burden to prove the defendant's guilty knowledge.

(Footnote omitted.) 295 Ga. at 40 (1).

However, knowledge, like possession, may be proved by circumstantial evidence. "'[I]t has long been the law that knowledge may be proved by facts and circumstances from which a jury could reasonably infer that a defendant knowingly possessed contraband.'" *Childs v. State*, ___ Ga. App. ___ (Case No. A14A1621, decided February 18, 2015), citing *Hernandez-Garcia v. State*, 322 Ga. App. 455, 461 (745 SE2d 706) (2013). *Robinson v. State*, ___ Ga. App. ___ (Case No. A13A1386, decided February 20, 2015) (physical precedent only); *Griffin v. State*, ___ Ga. App. ___ (1) (Case No. A14A1614, decided February 12, 2015); *Freeman v. State,* 329 Ga. App. 429, 432 (1) (765 SE2d 631) (2014).

Concerning the narrow issue before us,[4] the evidence, viewed in the light most favorable to the verdict,[5] shows that sometime in 2009, the Vidalia Police Department began receiving tips that caused them to suspect that drugs were being sold in an area around a house Scott rented at 307 Jenkins Street in Vidalia, Georgia. Police conducted two separate drug buys at the house, one involving an undercover police officer and the second with a confidential informant, and then obtained a warrant to search the premises.

The warrant was executed on September 25, 2009. Officers executing the warrant found several packages of crack cocaine that appeared to have been packaged for resale lying on the floor; a slab of crack cocaine lying in "plain view" beside a mirror and a cutting object; 37 individually wrapped packets of powder cocaine inside a drawer; a large chunk of powdery cocaine in a box inside a Ziploc bag; cigar boxes containing individually packaged marijuana and more cocaine in a twist tie package; digital scales; sandwich bags; cutting tools; and loaded handguns that appeared to have been placed strategically around the room for easy access. A state crime lab

---

[4] Additional facts may be found in our published opinion in the separate appeal of Scott's co-defendant, Michael Scott. *Scott v. State*, 326 Ga. App. 115 (756 SE2d 220) (2014).

[5] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

forensic chemist testified he weighed and tested samples of the smaller quantities of cocaine, and that additional testing on the largest piece of cocaine for purity showed it weighed 72.65 grams with a purity of 72.6 percent.

Although Scott was not on the premises when the warrant was executed, a police officer testified that he had observed Scott standing in the yard directly in front of the house just prior to the execution of the warrant, and Anthony Holloway, who was arrested at the house that day and testified for the State at trial, said that Scott had "just walked out [of] the house" before police arrived. Holloway also testified that he had known Scott for many years, and that he had seen Scott engage in hundreds of drug transactions over the years.

A detective testified that based on the items found during the search, it was his opinion that 307 East Jenkins Street was used primarily to distribute drugs, otherwise known in street terminology as a "trap house." He said he based his opinion on the "packaging material that was found there, scales, razor blades, the cutting agents, . . . the way that the bags of drugs was individually packaged, and even down to the crack cocaine cut up into individual rocks." He testified that the large chunk of cocaine, which was commonly referred to as a "brick" would be cut down, mixed with another substance and packaged for distribution.

In this case, there were numerous circumstances from which the jury could reasonably infer that Scott knew the cocaine he possessed weighed at least 28 grams. The evidence showed that Scott had extensive experience selling drugs and that the residence he rented at 307 East Jenkins Street was primarily used as a site for drug distribution. Even excluding the smaller quantities of cocaine that were not tested for purity, the cocaine found there weighed substantially more than double the amount specified in the trafficking statute and had a purity of 72.6 percent, which is also well over the ten percent minimum specified in the statute. Additionally, officers found a quantity of crack and powder cocaine that had already been cut down and packaged for resale, as well as a large quantity of cocaine that had not yet been readied for distribution. Officers also found the tools necessary to cut, weigh, and package the drugs, including razor blades, a set of digital scales, and an assortment of Ziploc type plastic bags. This evidence was sufficient to establish beyond a reasonable doubt that Scott knew that the cocaine in his possession weighed 28 grams or more. *Harrison v. State*, 309 Ga. App. 454, 459 (2) (711 SE2d 35) (2011). *Griffin*, ___ Ga. App. at ___ (1). *Robinson v. State*, ___ Ga. App. at ___ (evidence sufficient to show defendant knew weight of cocaine where the cocaine was approximately 65 percent pure and weighed nearly ten times the statutory trafficking threshold amount);

6

*Freeman*, 329 Ga. App. at 432 (1) (cocaine was 82 percent pure, weighed 50.62 grams, and State submitted evidence of five similar transactions). Cf. *Childs*, ___ Ga. App. at ___ (1) (evidence defendant knew weight of cocaine insufficient where quantity was just in excess of 28 grams and no evidence that defendant had scales or other items used to measure, weigh or package contraband).

2. Scott also contends, however, that he should be retried by a jury that has been properly charged on the "new element" of knowledge of weight of the cocaine, arguing that otherwise he will be denied his right to a trial by jury and his due process rights will be abridged. We find this contention to be unavailing.

First, we note that Scott did not challenge the trial court's instructions to the jury in his initial appeal to this Court, and thus will not now be heard to complain that the jury was improperly charged. And, in any event, the transcript reveals the trial court defined trafficking in cocaine under the former statute as follows:

> Any person who is knowingly in possession of 28 grams or more of cocaine commits the offense of trafficking in cocaine. . . . As with all other elements of the prosecution, the State has the burden of proving weight.

Moreover, in addition to charging generally on the State's burden of proof and proof of guilt beyond a reasonable doubt, the trial court also gave a specific charge on proof of knowledge:

> Knowledge on the part of the defendant that the crimes as charged in this indictment were being committed and that the defendant knowingly and intentionally participated in or helped in the commission of [such] crime must be proved by the State beyond a reasonable doubt. If you find from the evidence in this case that the defendant had no knowledge that a crime was being committed or that the defendant did not knowingly and intentionally commit, participate or help in the commission of the alleged offense, then it would be your duty to acquit the defendant. On the other hand, should you find beyond a reasonable doubt that the defendant had knowledge that the crime or crimes as alleged in this indictment was being committed and that the defendant knowingly and intentionally participated or helped in the commission of it, then you would be authorized to convict the defendant.

And, importantly, nowhere in the charge did the trial court instruct the jury that the State was not required to prove knowledge of the weight of the cocaine. Thus, considering the charge as a whole, the jury was informed that the State had to prove that Scott was in knowing possession of 28 grams or more of cocaine, and neither his right to be tried by a jury nor his due process rights have been denied under the circumstances of this case. See *Harrison v. State*, 309 Ga. App. 454, 457 (2) (a) (711

SE2d 35) (2011) (not error to refuse to give more specific charge when charge given fully apprised the jury that State was required to prove defendant knew cocaine in his possession weighed 28 grams or more).

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur*.